401 So.2d 851 (1981)
HOVNANIAN FLORIDA, INC., Appellant,
v.
DIVISION OF FLORIDA LAND SALES AND CONDOMINIUMS, DEPARTMENT OF BUSINESS REGULATION, State of Florida, Appellee.
No. YY-314.
District Court of Appeal of Florida, First District.
July 7, 1981.
Rehearing Denied August 21, 1981.
*852 Cynthia S. Tunnicliff, of Spector, Tunnicliff & McCord, and Benjamin H. Ervin, Tallahassee, for appellant.
Mary Jo M. Gallay, Tallahassee, for appellee.
JOANOS, Judge.
The controversy in this appeal involves the legality of an escalation clause in a condominium recreation lease; the clause provides for the yearly adjustment of rental payments in accordance with fluctuations of the Cost of Living Index. Contending that the escalation clause violated § 718.401(8), Florida Statutes (1979), the Division of Florida Land Sales and Condominiums (the "Division") ordered appellant, the developer of the condominium and original lessor of the recreation area, to show cause why a cease and desist order should not issue to prohibit enforcement of the escalation clause. After a hearing under § 120.57, Florida Statutes, the hearing officer found that the clause was violative of § 718.401(8) and recommended that appellant be ordered to cease enforcement of the escalation clause and to discontinue collection from condominium unit owners of payments attributable to the clause. The Department of Business Regulation adopted the findings of fact and conclusions of law of the hearing officer, and it is from this order that appellant now appeals.
Appellant makes essentially two arguments: (1) that § 718.401(8) was applied retroactively in this case which resulted in an unconstitutional impairment of contract, and (2) that allowing the Division to orally amend the charges at the hearing deprived appellant of adequate notice and opportunity to defend. We find that the application of § 718.401(8) to invalidate enforcement of the escalation clause was not, under the circumstances of this case, a retroactive application. In addition, we find that appellant had ample notice of the charges against it prior to the hearing, and the amendment of the charges at the hearing did not prejudice its defense.
Appellant is the developer of a multiphase condominium project collectively known as "Covered Bridge Condominiums." In 1971, Covered Bridge Condominium Association (the "Association") was incorporated as the entity responsible for operation of the condominium; membership in the *853 Association was a condition of unit ownership. On July 8, 1971, the Association (still developer-controlled since no condominium units had been built) entered into a long-term lease of recreation facilities with appellant which obligated the Association and its individual members for rental payments. The lease also contained the escalation clause now under attack.[1]
At the time of the Association's incorporation in June 1971, the plats of the property owned by the developer showed the anticipated construction of numerous condominium units on the corporate property with all unit purchasers to become members of the Association. The recreation area leased by the Association was also intended for eventual use by owners of condominium units to be built later. Declarations of condominium were not, however, simultaneously filed for each of the condominiums expected to be developed. Instead, the project proceeded in phases with condominiums "created" by declaration in various intervals. On December 14, 1978 appellant filed a declaration of condominium with the Palm Beach County Circuit Court creating Covered Bridge Condominium Number 18 ("Condo No. 18"). It is Condo No. 18's relationship with the 1971 recreation lease (which contains the escalation clause) that is at issue before the court.
The 1971 recreation lease agreement was referred to in Condo No. 18's declaration, attached as "Exhibit 3", and "made a part hereof, just as though said lease were fully set forth herein." Section 19 of the declaration provided that payments under the lease were declared to be common expenses, defined elsewhere as "the expenses for which the unit owners are liable to the Association." In addition, § 19 required that each purchaser of a unit in Condo No. 18 execute a copy of the lease and that the lease be recorded together with the deed conveying the unit. Section 9(C) stated that the unit owners of Condo No. 18 would be bound by the Association bylaws as well as the provisions of the declaration and the lease.
After the declaration was recorded, the developer sold several units in Condo No. 18. The purchasers were required to and did sign acknowledgments of the lease agreement and agreed to be bound by all terms of the lease. On June 5, 1979 the Division served on appellant a "Notice to Show Cause" why a cease and desist order should not issue to prohibit enforcement of the escalation clause against Condo No. 18. The Division alleged:
(1) Covered Bridge, Phase 18, is a condominium created pursuant to the provisions of Chapter 718, Florida Statutes.

(2) The Respondent is offering for sale and has closed on contracts for sale of condominium parcels in the condominium.
(3) Article IX of the Declaration of Condominium binds the owner of a condominium parcel to the provisions of a long-term lease, attached to the Declaration of Condominium as Exhibit 3. Section XXIV of said long-term lease contains an escalation clause as defined and prohibited by Section 718.701(8)(a), Florida Statutes (1978 Supp.).
Initially, there is no dispute that the escalation clause in this case is contrary to the express terms of § 718.401(8)(a),[2] which provides:
It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in leases or agreements for recreational facilities, land, or other commonly used facilities serving condominiums, and such clauses are hereby declared void for public policy. For the purposes of this section, an escalation clause is any clause in a condominium lease or agreement which provides that the rental under the lease or agreement shall increase at the same percentage rate as any nationally recognized and conveniently available commodity or consumer price index.
*854 The controversy in this case revolves around the appellant's perception that the statute is being applied retroactively in conflict with the Florida Supreme Court's decision in Fleeman v. Case, 342 So.2d 815 (Fla. 1977). In Fleeman, the court held that the legislature did not intend that § 718.401(8) apply to contracts which preceded its effective date (June 4, 1975), and even if the legislature had intended retroactive application of the statute, it would be an unconstitutional impairment of the obligation of contract. See also Palm-Aire Country Club Condominium Association No. 2, Inc. v. F.P.A. Corporation, 357 So.2d 249 (Fla. 4th DCA), cert. denied 365 So.2d 713 (Fla. 1978). Appellant argues that since the original lease of the recreation area between it and the Association pre-dated the effective date of § 718.401(8), the statute may not be used to defeat the escalation clause. In this regard, appellant views the creation of Condo No. 18 and the reaffirmation of the lease in its declaration as insignificant. We disagree. In our view, the fact that Condo No. 18's declaration of condominium was recorded after the effective date of § 718.401(8) is the critical factor which distinguishes this case from those cited by appellant.
A declaration of condominium is "the instrument or instruments by which a condominium is created... ." Section 718.103(12). Under § 718.114, an association has the power to acquire leaseholds for recreational facilities, but "[a]ll of these leaseholds ... and other possessory or use interests existing or created at the time of recording the declaration must be stated and fully described in the declaration." Finally, § 718.104(7) provides that "[a]ll provisions of the declaration are enforceable equitable servitudes, run with the land, and are effective until the condominium is terminated." Taking all of these statutory provisions together, the declaration not only "creates" the condominium form of ownership but sets forth the restrictions and interests (including recreation leases) that will govern the condominium until the declaration is amended or the condominium is terminated.
The developer ignores the nature of a declaration by arguing that the court should only consider the fact that the Association (which the declaration names as Condo No. 18's association) entered into the lease before 1975. This 1971 lease could have no effect upon Condo No. 18 until 1978, when its declaration was recorded. Prior to that time, Condo No. 18 had no legal existence. In order for the recreation lease to be applicable to the unit owners of Condo No. 18, the lease had to be renewed by its incorporation into the declaration. Since Condo No. 18 could not be bound to the lease except through the declaration, § 718.401(8) would not be a retroactive impairment of a contract obligation if applied in this case; no "contract" between Condo No. 18 and the developer could take place prior to the creation of the condominium.
The essence of this case is that through the vehicle of the declaration, the developer sought to subject a newly formed condominium to a recreation lease which included an invalid provision. Section 718.401(8)'s prohibition against enforcement of an escalation clause applies to just this situation. In Fleeman, supra, the supreme court held that the prohibition against "enforcement" was not intended to give the statute retroactive effect. In a footnote, however, the court stated that
it can be argued with equal facility that the need for an `enforcement' proscription arose from a perceived need to provide an express remedy in the event the prohibited provision was argued to be incorporated by reference or by implication, rather than simply included in future contracts or leases.
Fleeman, 342 So.2d at 817 n. 5. To allow an escalation clause to be "incorporated by reference" into the declaration of a new condominium would mean that a developer could avoid the statutory proscription merely by writing the declaration of each condominium so as to subject it to a pre-1975 lease, rather than executing a new lease. This would be contrary to the legislative intent of § 718.401(8).
*855 Proceeding to appellant's second point on appeal, appellant argues that it was prejudiced when, at the beginning of the formal hearing, the hearing officer granted the Division's oral motion to amend its Notice to Show Cause. Instead of referring to § 9 of the declaration as the provision binding the unit owners to the escalation clause, the amendment cited to § 19 of the declaration. When this amendment was allowed, appellant argued that permitting such a change without giving it a continuance of the hearing would deprive it of its right to defend. The hearing officer denied to continue the hearing believing that the Notice to Show Cause, the numerous notices of hearing (due to repeated rescheduling), the joint stipulation of facts, and the various motions and memoranda filed gave the developer notice of the issues involved.
We agree with the hearing officer's evaluation. The Notice to Show Cause, as well as the other documents mentioned by the hearing officer, adequately informed appellant of the acts which the Division felt to be in violation of the statute. In plain terms, the Notice to Show Cause alleged that the declaration bound unit owners to an escalation clause which was illegal under § 718.401(8). Reference to a particular section of the declaration was unnecessary to put appellant on notice of the violation; therefore, amendment of the Notice merely to change the section number was not prejudicial. See Florida Board of Pharmacy v. Levin, 190 So.2d 768 (Fla. 1966). Even assuming that the amendment effected a substantive change by its reference to a different section, the alteration would not have helped or hurt appellant's defense. Both § 9 and § 19 operated to bind the condominium owners to the lease, although reference to the lease in § 9 was in more general terms.[3] Nonetheless, it was the act of subjecting Condo No. 18's purchasers to an escalation clause that the Division claimed to be prohibited; that issue remained clear both before and after the amendment.
AFFIRMED.
MILLS and SHAW, JJ., concur.
NOTES
[1] In 1974, the lease was assigned to K. Hovnanian, who is not a party to this appeal.
[2] Formerly § 711.231, Florida Statutes (1975).
[3] The developer argued that if he had prior notice that § 19 was being challenged, he would have put on evidence of the purchasers' understanding of the lease agreement. This argument has no merit. The statute prohibits the mere existence of an escalation clause without regard to the parties' subjective intent.