458 So.2d 769 (1984)
WILDERNESS COUNTRY CLUB PARTNERSHIP, LTD., Wesley G. Downing, Earl L. Frye, and Charles L. Shumway, Appellants/Cross Appellees,
v.
John T. GROVES and Leo A. Hoellen, Individually and As Representatives of a Class Consisting of Owners of Wilderness Country Club Condominium; Wilderness Country Club Association, Inc., and Wilderness Country Club, Inc., Appellees/Cross Appellants.
No. 82-2208.
District Court of Appeal of Florida, Second District.
March 2, 1984.
Steven D. Merryday of Glenn, Rasmussen, Fogarty & Merryday and Daniel F. Molony, Tampa, for appellants/cross appellees.
Timothy R. Thornton of Rider, Bennett, Egan & Arundel, Minneapolis, Minn., and Karl L. Johnson of Nuckolls & Johnson, Fort Myers, for appellees/cross appellants.
David M. Maloney, Deputy Gen. Counsel, Dept. of Business Regulation, Tallahassee, *770 for Div. of Fla. Land Sales and Condominiums, as amicus curiae.
OTT, Chief Judge.
This appeal involves a condominium recreational facilities sublease. The trial court declared invalid a rent escalation clause therein and rescinded the entire sublease. We affirm.
The following facts bear on the issues before us. In June, 1973, the Frank family leased land to appellant Downing for ninety-nine years (the lease). Shortly thereafter, construction of a golf course and related facilities on the leased premises began. On June 27, 1974, appellant Wilderness Country Club Partnership, Ltd., consisting of appellants Downing, Frye, and Shumway (the partnership), formed Wilderness Country Club, Inc. (the club), to manage and operate the golf course. Membership in the club was limited to owners of condominiums to be constructed on property adjacent to the golf course. The same day Downing sublet the golf course property to the club for a period of ninety-seven years (the sublease). The original lease from Frank to Downing and the sublease from Downing to the club specified that base annual rent would increase at five-year intervals according to changes in a consumer price index.
In July, 1974, Downing assigned his rights as lessee under the Frank lease and as sublessor under the club sublease to the partnership. The partnership completed construction of the golf course and facilities and commenced construction of the adjacent condominiums.
On December 30, 1975, the partnership formed Wilderness Country Club Association, Inc., to manage, operate, and maintain the condominiums and common elements to be known as Wilderness Country Club Condominiums, and to cooperate with the club in the maintenance of the golf course facilities. On January 9, 1976, the partnership recorded the first of eleven declarations of condominium for Wilderness Country Club Condominium. The declaration required all condominium unit owners to be members of the association and the club, and the declaration made reference to the sublease. Hence, the association and the club would consist of the same membership.
In 1978, appellees, owners of Wilderness condominium units, and the association and the club (both now controlled by the condominium unit owners) filed suit against appellants, seeking, inter alia, to have the rent escalation clause declared invalid pursuant to section 718.401(8)(a), Florida Statutes (1977). Appellants counterclaimed asking, among other things, for rescission of the entire sublease in the event the rent escalation clause was invalidated. Both parties moved for summary judgment on the claims hereinbefore set forth. The trial court entered final summary judgment rendering the rent escalation clause unenforceable, relying on section 718.401(8)(a), Florida Statutes (1977), and Hovnanian Florida, Inc. v. Division of Land Sales and Condominiums, 401 So.2d 851 (Fla. 1st DCA 1981), review denied, 415 So.2d 1360 (Fla. 1982). The court further granted final summary judgment rescinding the entire sublease.
Appellants now challenge the unenforceability of the rent escalation clause, arguing that section 718.401(8)(a) was applied retroactively, resulting in an unconstitutional impairment of contract. There is no dispute that the escalation clause in this case is contrary to the express terms of the statute. Appellees have cross appealed the rescission of the sublease.
Section 718.401(8)(a), formerly section 711.231, became effective June 4, 1975, specifically prohibiting and declaring void for public policy reasons "the inclusion or enforcement of escalation clauses in leases or agreements for recreational facilities, land, or other commonly used facilities serving condominiums." In Fleeman v. Case, 342 So.2d 815 (Fla. 1977), the court held that the legislature did not intend retroactive application of this statute, and even if it had, such application would be an unconstitutional impairment of the obligation of contract *771 under article I, section 10, of both the United States and Florida Constitutions.
Recently, the supreme court approved the application of section 718.401(8)(a) to a recreational facilities lease executed prior to 1975. In Angora Enterprises, Inc. v. Cole, 439 So.2d 832 (Fla. 1983), the developer of a condominium was the lessor under a pre-1975 recreational lease which contained an escalation clause based on increases in the cost of living index. The declaration of condominium, recorded prior to 1975, bound each unit owner upon becoming a member of the condominium association to pay a proportional share of the recreational facilities rent. The declaration incorporated the provisions of the condominium act defined in the declaration as "the Condominium Act of the State of Florida (f.s. 711, Et Seq.) as the same may be amended from time to time." (Emphasis in Angora).
The declaration was signed by the developer and the condominium association, the same two parties who signed the lease. The lease was attached to and made a part of the declaration and the lease referred back to the declaration. The supreme court held "that the parties intended to be bound by future amendments to the condominium act and as such section 718.401(4) is applicable and enforceable under the facts of the instant case." Angora, 439 So.2d at 834. The court distinguished Fleeman, finding no language in the Fleeman documents evidencing an intent on the part of the lessor to incorporate the condominium act or its future amendments into the contract.
In the instant case, the declaration submits the property to condominium ownership "pursuant to chapter 711, Florida Statutes, the Condominium Act." When the declaration was recorded, section 711.231, the anti-escalation clause statute, was a part of the condominium act. The recreational facilities sublease refers to the declaration of condominium to be recorded in the future. The declaration refers to the recreational facilities sublease. The declaration obligates unit owners to join the club and requires them to make the payments under the sublease. The same individuals, although in different partnership and corporate capacities, developed the condominium, executed the declaration, and were sublessors and sublessees of the recreational facilities sublease. These documents evidence an intent of these individuals to be bound by the condominium act as it existed when the declaration was recorded. Therefore, as in Angora, application of section 718.401(4) is not unconstitutional. See also Hovnanian, supra.
We now turn to the issue of rescission of the entire recreational facilities sublease.[1] Section 718.401(8)(a) "prohibits the inclusion or enforcement of escalation clauses" in facilities leases serving residential condominiums. Nowhere does the condominium act mention whether rescission of such a lease in its entirety is available if an escalation clause is invalidated. In Local No. 234 v. Henley & Beckwith, 66 So.2d 818 (Fla. 1953), the supreme court analyzed the circumstances under which the presence of an illegal or unenforceable provision in a contract renders the entire contract invalid:
[T]he authorities hold generally that a contract should be treated as entire when, by a consideration of its terms, nature, and purpose, each and all of its parts appear to be interdependent and common to one another and to the consideration. Stokes v. Baars, 18 Fla. 656; 12 Am.Jur., Contracts, sec. 316. Stated differently, a contract is indivisible where the entire fulfillment of the contract is contemplated by the parties as the basis of the arrangement. Hyde & Gleises v. Booraem & Co., 16 Pet. 169, 10 L.Ed. 925. On the other hand, a bilateral contract is severable where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side *772 which are wholly supported by valid legal promises on the other. Williston on Contracts, rev. ed., Vol. 6, sec. 1782.
Whether a contract is entire or divisible depends upon the intention of the parties. Ireland v. Craggs, 5 Cir., 56 F.2d 785 [(1932)]. And this is a matter which may be determined "by a fair construction of the terms and provisions of the contract itself, and by the subject matter to which it has reference." 12 Am.Jur., Contracts, sec. 315.
Id. at 821-822. Where one contractual provision is void, the balance of the contract is also void unless the balance fairly reflects the original intent of the parties to the contract. Brooks v. Palm Bay Towers Condo Ass'n, Inc., 375 So.2d 348 (Fla. 3d DCA 1979).
Judged by this standard, we think the sublease was nondivisible and therefore appellants were entitled to rescission of the entire recreational facilities sublease. Without rescission, appellants would receive only the base rent, a portion of the rent originally contemplated in the sublease. The benefits granted to appellees under the sublease are nondivisible  the sublease does not assign monetary values to separate rights and privileges enjoyed by appellees under the sublease. Hence, the base rent and the periodic increases pursuant to the escalation clause relate to one object or purpose, the use and enjoyment of all recreational facilities. Cf. Singleton v. Foreman, 435 F.2d 962 (5th Cir.1970) (where contingent fee portion of attorney fee contract void, retainer not allowed to stand alone). Generally, the price term in a contract is vital; severing the price term eliminates the essence of the contracting parties' agreement. Id.
We hasten to emphasize that the escalation clause in this case was not void at the time the sublease was executed. Therefore, it cannot be said that it was included in the sublease with malicious intent or reprehensible motive. The trial court rejected appellees' contention that appellants had "unclean hands" and were therefore not entitled to the equitable remedy of rescission. This finding by the trial court is supported by substantial competent evidence.
The appellees, along with the Division of Florida Land Sales and Condominiums as amicus curiae, contend that rescission will chill the exercise of rights afforded to condominium unit owners by section 718.401(8). On the contrary, rescission will allow the parties to negotiate at arms length a new sublease which will be fair and equitable to all parties.
The decision of the trial court is AFFIRMED.
HOBSON and LEHAN, JJ., concur.
NOTES
[1] The trial court's order ensures that unit owners will continue to have access to the recreational facilities while the parties negotiate a new sublease.