488 So.2d 579 (1986)
Donald H. SLUSHER, Appellant/Cross Appellee,
v.
Drew S. GREENFIELD, Charles G. Pieck, Peter H. Joyce, David L. Harr, and McCorkle Radiology Associates, Inc., Appellees/Cross Appellants.
No. 85-1248.
District Court of Appeal of Florida, Fourth District.
April 30, 1986.
Rehearing Denied May 29, 1986.
*580 Michael J. Garavaglia of Smith, O'Haire, Quinn & Garris, Vero Beach, and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellant/cross appellee.
Sherman N. Smith, III, and Kevin S. Doty, Vero Beach, for appellees/cross appellants.
HERSEY, Chief Judge.
The determinative issue in this appeal is whether those portions of a contract stricken by the trial court were independent covenants, in which event the balance of the contract remains viable, or whether the stricken clauses were interdependent, requiring that the entire contract be avoided.
Three doctors, over the course of several years, established a professional association and developed an employment agreement which each of the employee doctors was required to execute. After various evolutionary steps the concept of "Senior Shareholder" was engrafted onto the agreement. Perquisites for those doctor/employees entitled to senior shareholder status included the right to make all decisions regarding employment continuation and compensation, and choice of work assignments.
As additional doctors became stockholder-employees of the professional corporation they received stock and entered into employment agreements. They did not, however, become senior shareholders, nor were they advised of the existence of that category or its perquisites.
Ultimately becoming aware of the senior shareholder status enjoyed by the original stockholders, these doctors filed suit seeking, inter alia, to have the offending provisions of the employment agreements of the senior shareholders declared void. They were successful in that attempt. Appellant, Slusher, a senior shareholder, appeals on the basis that the stricken provisions were not severable from the remainder of the contract, and therefore the entire employment agreement should have been held void because of the illegality of the offending provisions.
The leading case in Florida with regard to this question is Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla. 1953). The applicable language of that opinion states:
As to when an illegal portion of a bilateral contract may or may not be eliminated leaving the remainder of the contract in force and effect, the authorities hold generally that a contract should be treated as entire when, by a consideration of its terms, nature, and purpose, each and all of its parts appear to be interdependent and common to one another and to the consideration. Stokes v. Baars, 18 Fla. 656; 12 Am.Jur., Contracts, sec. 316. Stated differently, a contract is indivisible where the entire fulfillment of the contract is contemplated by the parties as the basis of the arrangement. Hyde & Gleises v. Booraem & Co., 41 U.S. (16 Pet.) 169, 10 L.Ed. 925. On the other hand, a bilateral contract is severable where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other. Williston on Contracts, rev. ed., Vol. 6, sec. 1782.
Whether a contract is entire or divisible depends upon the intention of the parties. Ireland v. Craggs, 5 Cir., 56 F.2d 785. And this is a matter which may be determined "by a fair construction of the terms and provisions of the contract itself, and by the subject matter to which it has reference." 12 Am.Jur., Contracts, sec. 315.
66 So.2d at 821-22.
The Henley case involved the question of whether illegal "closed shop" provisions of a contract between employers and a plumber's *581 union required that the entire agreement be held void. The supreme court noted that the balance of the agreement contained provisions (which were not illegal) setting wages, hours, and working conditions, but found the contract to be indivisible where it was apparent that the illegal "closed shop" provisions were the main inducement to the parties in entering into the contract. Because these terms were very significant, the supreme court found it "impossible to conclude that ... the closed shop agreement ... can be entirely eliminated from the contract and still leave a valid working arrangement fairly reflecting the original mutual understanding between the parties." Id. at 822.
In Wilderness Country Club Partnership, Ltd. v. Groves, 458 So.2d 769 (Fla. 2d DCA 1984), the court held that the entire condominium recreational lease had to be invalidated where the rent escalation provision of the lease violated certain Florida statutes. The court found that the balance of the agreement, without the invalid provision, could not be said to fairly reflect the parties' original intent, since the developers would receive only a portion of the rent originally contemplated. Also, the total compensation  the base rent and periodic increases  related to "one object or purpose, the use and enjoyment of all recreational facilities." Id. at 772.
A similar case  in that it involves a situation where a portion of a party's compensation was found invalid  is Singleton v. Foreman, 435 F.2d 962 (5th Cir.1970), in which the contingent fee portion of an attorney's contract with a client in a divorce action was found invalid. The attorney sought to have the court uphold that portion of the contract providing for a retainer fee. Based upon Henley the fifth circuit found the contract to be indivisible and thus void in its entirety because:
The retainer and contingent fee were related to the sole object of employment, the divorce. The parties did not contemplate a piece work relationship. We think it obvious that Mr. Foreman did not agree and would not have agreed to handle the divorce for the retainer alone. With the illegal portion of the contract excised, the greater portion of the consideration was eliminated. It is impossible to think that a portion of the contract with this much significance could be entirely "eliminated from the contract and still leave a valid working arrangement fairly reflecting the original mutual understanding between the parties." Local No. 234 v. Henley and Beckwith, Inc., [66 So.2d] at 822. The contract is thus not subject to divisible quantification. The retainer and the contingent fee both related to the whole obligation. We conclude, therefore, that the invalid contingent fee made the entire contract void and unenforceable.
435 F.2d at 969-70.
Appellant in the present case attaches great significance to his own trial testimony in which he stated that the senior shareholder provisions were important to him and that he would not have entered into the 1976 employment agreement if those provisions had not been included. Appellant's subjective statements of intent, however, are not the test. Rather, as set forth in Henley, the parties' intention regarding whether the contract is divisible depends upon a fair construction of its provisions as well as its subject matter.
The contract in question here is the agreement whereby the P.A. employs Dr. Slusher at a salary of $90,000, plus deferred compensation and fringe benefits. In addition, Dr. Slusher, with the other senior shareholders, was to have his choice of work assignments and to have control over future renewals of his contract and the amount of his compensation. Severing and voiding the senior shareholder provisions but allowing the balance of the contract to remain in effect results in Dr. Slusher being held to the same performance and obligations as originally provided but at a loss to him of a substantial portion of the benefits he contracted to receive. This result is comparable to those situations in the previously-considered cases, where contracts were held indivisible because *582 a substantial part of the benefit to be gained by one of the parties had been found invalid. When this occurs, it significantly alters the contract's ability to reflect the parties' original understanding and agreement. As in Wilderness Club, the various aspects of appellant's compensation under the agreement relate to "one object or purpose," 458 So.2d at 772, his employment with the P.A. Cf. Reserve Life Ins. Co. v. Lomolino, 474 So.2d 1210 (Fla. 4th DCA 1985) (where husband and wife took out life insurance policy, which was found invalid as to wife due to misrepresentations about her medical history, policy could remain in effect as to husband where shown to be divisible in that separate premiums were charged as to each insured).
Appellees argue, in support of the trial court's failure to rescind the entire contract, that appellant is not entitled to rescission because of his violation of the statutes and commission of fraud in concealing from appellees his controlling interest in the P.A. This argument fails because of the nature of the remedy sought below. The appellee doctors did not seek to rescind their own employment agreements with the P.A., but rather sought to have those portions of Dr. Slusher's agreement with which they were dissatisfied stricken. Upon a finding that Dr. Slusher's agreement is indivisible, elimination of the offending portions requires that the entire agreement be held void without regard to the lack of clean hands. See Henley, 66 So.2d at 818, 821.
Our conclusion that the employment agreement is indivisible and therefore void in its entirety for illegality of certain dependent provisions renders the issue tendered upon cross appeal moot.
We reverse that aspect of the final judgment recognizing the continuing viability of appellant's employment agreement. In all other respects we affirm.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
WALDEN and GUNTHER, JJ., concur.