## FROTHINGHAM v JABE TILE CORPORATION, et al.
### Case No. 87-22252
Seventeenth Judicial Circuit, Broward County
December 6, 1988

## OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

This cause having come before this Court upon Defendant, FORD MOTOR CREDIT COMPANY'S Motion For Summary Judgment, and Plaintiff, STEVEN FROTHINGHAM, Motion For Partial Summary Judgment, and the Court having been duly advised it is

ORDERED AND ADJUDGED:

STEVEN FROTHINGHAM (hereafter "Plaintiff") was injured on July 1, 1987, while working on or near a forklift. Plaintiff filed suit against JEFFREY MIOT, the individual driving the vehicle, JABE TILE CORPORATION, the lessee of the vehicle driven by MIOT, and FORD MOTOR CREDIT COMPANY (hereafter "Defendant") the lessor of the vehicle, for injuries sustained in the collision.

Defendant, FORD MOTOR CREDIT COMPANY, has filed a Motion For Summary Judgment, claiming that there is no basis upon which Plaintiff can impose liability upon FORD MOTOR CREDIT COMPANY, relying on Section 324.021(9)(b), Florida Statutes (1986). Defendant further states that should the 1986 version of the statute not apply, then Section 324.021(9), Florida Statutes (1985), would provide an affirmative defense for the defendant, and additional grounds for dismissal of FORD MOTOR CREDIT COMPANY as a defendant in this action.

Plaintiff filed its Motion for Partial Summary Judgment, stating that Section 314.021(9)(b), Florida Statutes (1986), is not available as an affirmative defense to Defendant FORD MOTOR CREDIT COMPANY.

Effective July 1, 1986, Section 324.021(9)(b), Florida Statutes was enacted. This section is an apparent attempt by the legislature to abrogate the Dangerous Instrumentality rule when a lessor has an agreement to lease a motor vehicle for one year or longer so long as minimum bodily injury limits of $100,000.00/$300,000.00 and $50,000.00 in property damage are maintained by the lessee.

An agreement for lease for longer than one year was entered into by FORD MOTOR CREDIT COMPANY and JABE TILE CORPORATION on April 10, 1986. Since the agreement for lease was entered into prior to the effective date of the statute, the statute does not apply unless it is applied retroactively. There is no intent set forth in the statute which would indicate that the legislature intended the statute to have retroactive application. Without a clear expression of retroactive intent by the legislature, this statute applies only prospectively. See *Fleeman v Case*, 342 So.2d 815 (Fla. 1977).

This Court further finds Section 314.021(9)(b) to be unconstitutional as violating Article 1, Section 21 of the Florida Constitution, providing the right of access to the courts. A much less restrictive cap of $450,000.00 on noneconomic damages has been found unconstitutional as denying access to the courts. See *Smith v Department of Insurance*, 507 So.2d 1080 (Fla.1987). The legislature cannot take away vested common law rights without providing a reasonable alternative. *Kluger v White*, 281 So.2d 1 (Fla. 1973). There is no reasonable alternative provided in this statute, and this statute thereby denies access to the courts.

This Court also finds the subject statute violative of Article 1, Section 2 of the Florida Constitution. The legislature has set forth two distinct classifications. The first classification is those victims with

damages above $100,000.00 whereby the automobile owner (who is not a long-term lessor) is fully liable for the damages that were caused. The second classification is those victims who have damages above $100,000.00, but are injured by a different type of owner, a long term lessor. Those long-term lessors are not liable for any amount under this statute so long as the lessee has $100,000.00/$300,000.00 of bodily injury coverage and $50,000.00 of property damage, even though the lessors are owners. A victim injured by a non-long term lessor collects his full damages, while a victim injured by a long-term lessor cannot collect any damages from the long-term lessor-owner.

A second classification is also created. The first class is those victims who have claims worth more than $100,000.00, versus those that have claims worth less than $100,000.00. Those victims having claims worth more than $100,000.00 will not be fully compensated for their catastrophic injuries, while those who have claims for less than $100,000.00 will be fully compensated.

This section creates an arbitrary and unconscionable scheme which denies equal protection of the law. See, *Smith v Department of Insurance,* 507 So.2d 1080 (Fla. 1987).

The Court finds that even if this statute was retroactive, it is also unconstitutional, as an impairment of the obligations of contracts, contra to Article I, Section 10 of both the United States and Florida Constitutions. See, *Fleeman v Case,* 342 So.2d 815 (Fla. 1977).

This Court further finds that the above section violates Plaintiff's Federal and Florida Constitutional due process rights as the statute does not bear a reasonable relationship to any permissible legislative purpose, and is discriminatory. See, *Kluger v White,* 281 So.2d 1 (Fla. 1973).

Defendant has further relief in the alternative on Section 314.021(9), Florida Statutes (1985), which states as follows:

(9) OWNER—a person who holds the legal title of a motor vehicle; or, in the event a motor vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this chapter.

This subject agreement was an agreement for lease with the right of purchase upon performance of the conditions stated in the agreement,

and with an immediate right of possession vested in the conditional lessee, who in this case was JABE TILE CORPORATION. However, Section 324.021(9), Florida Statutes (1985) pertains only to the Financial Responsibility requirements under Chapter 324 of the Florida Statutes, and has no bearing upon who is considered an owner under the Dangerous Instrumentality Rule. (See section 314.011, Florida Statutes (1985), which sets forth the purpose of the Chapter). Any issue of insurance coverage is not before this Court at this time.

Even if Section 324.021(9), Florida Statutes (1985), is a legislative attempt to abrogate the Dangerous Instrumentality Rule, then this Court finds this statute unconstitutional for the same reasons enunciated in this opinion with regard to Section 324.021(9)(b), Florida Statutes (1986).

Defendant, FORD MOTOR CREDIT COMPANY'S Motion For Summary Judgment is hereby denied, and the defenses of Section 324.021(9)(b), Florida Statutes (1986), and Section 324.021(9), Florida Statutes (1985), are hereby stricken from defendant's Answer, and are not available as affirmative defenses.

DONE and ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida, this 6th day of December, 1988.