JOHN T. LUZZO, Associate Judge.
This is an appeal by two cooperative associations, as lessees under a ninety-nine year land lease, from a final summary judgment entered in favor of the developer of the apartments, enforcing an escalation of rent clause based upon the operation of the statute of limitations. We affirm.
Garden Isles Apartments No. 3, Inc., and Garden Isles Apartments No. 4, Inc., are associations originally incorporated in 1970 and 1971, and are responsible for the operation and maintenance of the cooperative apartments. They filed a complaint against the Connollys, the developers of the apartments and the original incorpo-rators of the associations. The Connollys provided the recreational facilities for the use and enjoyment of the association members, subject to a ninety-nine year ground lease for the underlying real property. The Connollys are the lessors under the lease, and the associations are the lessees. The leases were executed when the defendants were the officers and directors of the associations, prior to the time control was turned over to the unit owners in 1973. The leases provided that the associations were responsible for payment of the existing mortgage on the property, as well as payment of insurance, taxes, maintenance, and repairs. The payment of rent was subject to an escalation provision to take effect every five years, tied to a consumer price index.
Count I of the complaint asked the court to enter a declaratory judgment finding the rent escalation provision of the leases unconscionable under section 719.112, Florida Statutes (1983). Count II was an action for unjust enrichment.
The defendants filed a motion to dismiss which was denied. They then filed a motion for summary judgment on the grounds that both counts were time barred by the statute of limitations, section 95.11, Florida Statutes. The trial judge granted the motion, and entered a final judgment pursuant to the order. The associations then filed this appeal.
The trial judge granted summary judgment in favor of the appellees/lessors under section 95.11, Florida Statutes, which states:
95.11 Limitations other than for the recovery of real property. — Actions other than for recovery of real property shall be commenced as follows:
(2) WITHIN FIVE YEARS.—
*40 (b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument.
The two leases involved in this action were executed in 1970 and 1971, and control of the associations was relinquished to the unit owners in 1973. The escalation provision was enforced in 1975 and 1976, without any response by the associations. The present action was not instituted until 1986. Thus, approximately fifteen years had passed since the leases were executed, thirteen years since the unit owners assumed control of the association, and ten years since the first escalation provision was enforced. The statute of limitations applied by the trial judge is five years.
Appellants’ contention that section 718.401(8), Florida Statutes (1985) renders the subject lease provisions void and unenforceable as being against public policy fails in view of Fleeman v. Case, 342 So.2d 815 (Fla.1976), which held that the said statute, and its predecessor, section 711. 231, Florida Statutes, were enacted after the subject leases were executed and, accordingly, could not be applied retroactively. See Sky Lake Gardens Recreation, Inc. v. Sky Lake Gardens Nos. 1, 3 and 4, Inc., 14 F.L.W. 324 (Fla. 3d DCA Jan. 31, 1989)[1], and Condominium Association of Plaza Towers North, Inc. v. Plaza Recreation Development Corp., 514 So.2d 381 (Fla. 3d DCA 1987).
Appellants’ further contention that section 719.112, Florida Statutes (enacted in 1979),[2] can be applied retroactively to *41 invalidate the subject leases as unconscionable and illegal also fails, since the statute only creates a rebuttable presumption of unconscionability under subsection (2). The issues under section 719.112 cannot be reached on their merits in this case due to the statute of limitation under section 95.-11(2), Florida Statutes, being applicable herein.
We find that section 95.11(2)(b), Florida Statutes, is the applicable statute of limitation to apply and reject the associations’ contention that the subject lease is itself a mortgage or other encumbrance against the real property which would require section 95.281, Florida Statutes, to be the applicable statute of limitation.
The subject escalation clauses were first enforced in 1975 and 1976 respectively. Contrary to appellants’ argument that a new cause of action arose each time a new five-year escalation clause became effective, we hold that the cause of action in this case accrued at the time of the first escalation and that the complaint filed in 1986 was well beyond the applicable five-year statute of limitation periods which commenced in 1975 and 1976.
GLICKSTEIN and GUNTHER, JJ., concur.

. In Sky Lake Gardens Recreation, Inc. v. Sky Lake Gardens Nos. 1, 3 and 4, Inc., the Third District Court of Appeal stated that:
Chapter 88-225, Laws of Florida (codified at Fla.Stat. 718.4015 (1988)), which became effective October 1, 1988, repealed section 718.401(8) and replaced it with section 718.-4015. Section 718.4015(2) states that “[t]he application of this section [voiding rental escalation clauses] to contracts entered into pri- or to June 4, 1975, may not divest the parties of any benefits or obligations arising from the escalation of fees prior to October 1,1988, but only prohibits further escalation of fees pursuant to the escalation clauses, on or after October 1, 1988.” The legislative rationale, explained in the preamble to the senate bill, essentially states that retroactive application would violate the contract clause of the Florida and Federal Constitutions. See Cove Club Investors, Ltd. v. Sandalfoot South One, Inc., 438 So.2d 354 (Fla.1983); Fleeman v. Case, 342 So.2d 815 (Fla.1976).

. Section 719.112, Florida Statutes, provides:
719.112 Unconscionability of certain leases; rebuttable presumption.—
(1) The Legislature expressly finds that many leases involving use of recreational or other common facilities by residents of cooperatives were entered into by parties wholly representative of the interests of a cooperative developer at a time when the cooperative unit owners not only did not control the administration of their cooperative but also had little or no voice in such administration. Such leases often contain numerous obligations on the part of either or both a cooperative association and cooperative unit owners with relatively few obligations on the part of the lessor. Such leases may or may not be unconscionable in any given case. Nevertheless, the Legislature finds that a combination of certain onerous obligations and circumstances warrants the establishment of a rebuttable presumption of unconscionability of certain leases, as specified in subsection (2). The presumption may be rebutted by a lessor upon the showing of additional facts and circumstances to justify and validate what otherwise appears to be an unconscionable lease under this section. Failure of a lease to contain all the enumerated elements shall neither preclude a determination of unconscionability of the lease nor raise a presumption as to its conscionability. It is the intent of the Legislature that this section is remedial and does not create any new cause of action to invalidate any cooperative lease, but shall operate as a statutory prescription on procedural matters in actions brought on one or more causes of action existing at the time of the execution of such lease.
(2) A lease pertaining to use by cooperative unit owners of recreational or other common facilities, irrespective of the date on which such lease was entered into, is presumptively unconscionable if all of the following elements exist:
(a) The lease was executed by persons none of whom at the time of the execution of the lease were elected by cooperative unit owners, other than the developer, to represent their interests.
(b) The lease requires either the cooperative association or the cooperative unit owners to pay real estate taxes on the subject real property.
(c) The lease requires either the cooperative association or the cooperative unit owners to insure buildings or other facilities on the subject real property against fire or any other hazard.
*41 (d) The lease requires either the cooperative association or the cooperative unit owners to perform some or all maintenance obligations pertaining to the subject real property or facilities located upon the subject real property.
(e) The lease requires either the cooperative association or the cooperative unit owners to pay rent to the lessor for a period of 21 years or more.
(f) The lease provides that failure of the lessee to make payment of rent due under the lease either creates, establishes, or permits establishment of a lien upon individual cooperative units of the cooperative or upon stock or other ownership interest to secure claims for rent.
• (g) The lease requires an annual rental which exceeds 25 percent of the appraised value of the leased property as improved. For purposes of this paragraph, "annual rental" means the amount due dining the first 12 months of the lease for all units, regardless of whether such units were in fact occupied or sold during that period, and "appraised value” means the appraised value placed upon the leased property the first tax year after the sale of a unit in the cooperative.
(h) The lease provides for a periodic rental increase based upon reference to a price index.
(i) The lease or other cooperative documents require that every transferee of a cooperative unit must assume obligations under the lease.