SMITH, Judge.
Appellants challenge a partial summary judgment on appellees’ complaint for a declaratory judgment; they also seek reversal of the denial of their counterclaim for equitable relief and the award of attorney fees and costs to appellees. We affirm.
The instant appeal arises out of a dispute between the appellees, developers of a condominium on Santa Rosa Island, and the residents of that condominium. Property on Santa Rosa Island is owned by Escam-bia County and is administered by the Santa Rosa Island Authority (SRIA). In 1972, appellees executed a 99-year lease (the master lease) with SRIA for 400 feet of beach front property. The master lease provided that the rent was subject to adjustment to reflect changes in the cost of living in accordance with the Consumer Price Index, published by the U.S. Department of Labor.
On the leased property, appellees constructed Regency Villas Condominiums, consisting of 126 units. Residents of the condominiums purchased their respective units and received a sublease from appel-lees of the land held under the master lease by appellees.[1] The subleases provided that the rent charged would increase or decrease in proportion to adjustments made by SRIA in the master lease.
In 1985, SRIA made an adjustment in the rent under the master lease, imposing a 30% increase spread over four years. In 1990, SRIA again increased the rent by 14.7%. The appellees, in turn, raised the rent due under each sublease by a proportionate amount, in accordance with provisions of the subleases. In 1988, several residents of Regency Villas refused to pay an increase in rent. It was their belief that the increases were prohibited by section 718.401, Florida Statutes (1987), subsequently renumbered section 718.4015, Florida Statutes (1988 Supp.). This statute declares void, as contrary to public policy, escalation clauses contained in land or recreational leases. An escalation clause is defined in the statute as “any clause in a condominium lease or agreement which provides that the rental under the lease shall increase at the same percentage rate *663 as any nationally recognized and conveniently available commodity or consumer price index.”
As a result of the residents’ refusal to pay an increase in rent under their subleases, appellees filed a declaratory judgment action to determine the applicability of section 718.4015. In response, the condominium association and several residents (appellants) filed defenses asserting the invalidity of the rent escalation provision of their subleases, based upon the statutory proscription, and filed a counterclaim seeking equitable relief in the form of reformation of the subleases on the ground of uncon-scionability.[2] Specifically, the appellants alleged that the subleases were invalid, as unconscionable, because the rent charged by appellees pursuant to each of the 126 subleases represented a markup of 250% over the rent charged appellees for the property by SRIA.[3]
Following a non-jury trial, the lower court entered a partial summary judgment in favor of appellees, finding that section 718.4015 was inapplicable for several reasons. This holding was subsequently reaffirmed in a Memorandum Decision and Final Judgment wherein the court also held that the subleases were not unconscionable. This ruling was premised on numerous findings of fact by the lower court which are not disputed on appeal.
It is unnecessary for us to discuss the contention that enforcement of the rent escalation provision is barred by the statute, section 718.4015, since, as conceded by all parties in oral argument, the supreme court in the recent case of Maison Grande Condominium Assoc., Inc. v. Dorten, Inc., 600 So.2d 463 (Fla.1992), decided that issue adversely to appellants’ position.[4]
In the second point on appeal, appellants maintain that the subleases are void as unconscionable. However, appellants do not contest any of the factors identified by the lower court in its memorandum decision which were found to weigh against a finding of unconscionability. Among such considerations was the fact that the sublease does not contain an escalation clause as defined in section 718.4015; the subleases were not initially executed by the developer with a condominium association controlled by the developer, a factor identified in Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA1982), rev. denied, 434 So.2d 889 (Fla.1983) but instead were executed with individual purchasers of the 126 separate condominium units; the sublease rent does not automatically increase as the Consumer Price Index increases, but may only increase if the SRIA increases its rent under the master lease, and the increase may not exceed the percentage of increase under the master lease; the increases have never approached the maximum permitted under the master lease, and a reduction is clearly contemplated in event of a drop in the Consumer Price Index; the condominium association doubled its maintenance fees between 1975 and 1985 while rent under the subleases increased only 30%; and the condominiums freely resell on the open market, and have nearly doubled in value, on the average, since originally sold. Also worthy of note is the fact that the evidence suggested the rent paid on the subleases is within the middle of the range of rent paid in the Pensacola Beach area of Escambia County. Further, we note from the record that the lower court received evidence regarding the considerable costs incurred by the appellees in developing the condominiums and the risk assumed by them in undertaking this project.
*664 While unconscionability is a question of law, not of fact, Garrett v. Janiewski, 480 So.2d 1324 (Fla. 4th DCA1985), rev. denied, 492 So.2d 1333 (Fla.1986), we find no basis upon which to reject the lower court’s resolution of this question. Like the lower court, we are of the view that appellants failed to carry their burden of showing that they are so penalized by the enforcement of the sublease “that no decent, fairminded person would view the ensuing result without being possessed of a profound sense of injustice_” Steinhardt, 422 So.2d at 890.
In view of our decision on the merits, we affirm the award of attorney’s fees in Case No. 91-3390.
Accordingly, the judgments on appeal are AFFIRMED in all respects.
BOOTH and ALLEN, JJ., concur.

. There was evidence submitted below that several condominium developers on Escambia Island have retained their status as lessees under a master lease with SRIA as appellees have, although the more common practice appears to be an assignment of the master lease by the developers to a condominium association.

. All of the subleases executed were identical in all material respects for purposes of this appeal.

. Initially, appellees charged $600 annual rental per unit, totalling $75,600 (600 x 126), while SRIA charged appellees only $29,900 under the master lease, resulting in a profit to appellees of $45,700.

. In Maison Grande, the court determined that an escalation clause in a condominium lease entered into prior to the effective date of the predecessor of the statute, section 718.4015, was enforceable for the entire term of a ninety-nine year lease, where the lessor has not agreed to be bound by future changes in the condominium act, citing Fleeman v. Case, 342 So.2d 815 (Fla.1976) (retroactive application of predecessor to section 718.4015 would violate the contracts clause of the Florida and federal Constitutions).