MAY, J.
Amidst tennis courts and the ocean, a condominium association appeals a final judgment in favor of its lessee. It argues the trial court erred in finding the association time-barred from cancelling a lease, pursuant to section 718.302, Florida Statutes (1977). On cross-appeal, the lessee argues that a predecessor judge erred in denying its motion for partial summary judgment on the application of section 718.302 to the lease, which was entered into before the statute was enacted. We agree with the lessee on cross-appeal and affirm the judgment on the Tipsy Coachman [1] rule.
In December 1976, the developer Jupiter Ocean and Racquet Club and the asso *855 ciation Jupiter Ocean and Racquet Club Condominium Association, entered into a lease agreement with Jupiter Ocean and Racquet Club, Inc., a predecessor in interest to the lessee Courtside. At the time of the lease’s execution, the developer was in full control of the association. The association joined in the lease “as the future owner of the leased premises, and agreed to be bound by” its terms and conditions.
A few days prior to entering into the lease, the developer and association entered into a membership agreement that provided for the construction of tennis courts, a pro shop, a pool area, and other improvements and facilities (“Tennis Club”). The developer agreed to convey the property on which the Tennis Club would be constructed to the association at a future date. Members of the association would be offered non-mandatory, non-exclusive membership in the Tennis Club. The lessee was not required to pay monetary rent, but was to construct the Tennis Club, insure against loss, maintain and operate the Tennis Club at its sole expense, and keep the property in a clean and sanitary condition.
The development included eleven condominiums, each created by a recorded declaration of condominium. None of the declarations referenced the lease or membership agreement, but all of them provided for the association’s ownership of common recreational facilities. The first declaration was recorded in February 1976, the sixth in October 1976, and the subsequent five declarations were recorded between January 1977 and January 1985.
In February 1984, the association was turned over to the unit owners. In 1992, the developer’s successor conveyed the leased property, which included the Tennis Club, by warranty deed to the post-turnover association. Thereafter, the association assigned the lease to multiple successor lessees, each time executing an assignment of lease and assumption agreement and landlord consent and es-toppel document. The lessee Courtside became the successor assignee of the lease in September 2005.
Sometime later, problems and disagreements arose regarding the lessee’s management and operation of the Tennis Club. The association filed an “Amended Complaint for Declaratory Judgment Pursuant to Fla. Stat. § 86.011 Et Seq.” It sought a declaration that the lease was unfair and unreasonable, and subject to cancellation pursuant to section 718.302(l)(c), Florida Statutes.
The lessee moved for partial summary judgment and argued the association was estopped from cancelling or challenging the validity of the lease because of its execution of the landlord’s consent and estoppel to the assignment of the lease. A predecessor judge denied the motion and entered an order, in which he concluded that allowing estoppel of the association’s cancellation rights under section 718.302 would be “tantamount to a waiver of those rights,” something prohibited by section 718.303(2), Florida Statutes, and Ainslie at Century Village Condominium Assn. v. Levy, 626 So.2d 229 (Fla. 4th DCA 1993).
The case proceeded to trial before the successor judge. Relying upon the predecessor judge’s order, the successor judge entered a final judgment for the association. The trial court found that the unit owners must exercise their right of cancellation in a reasonable time even though section 718.302(1) does not contain a time limit. The trial court then found that the unit owners had waited too long to exercise their right of cancellation. The court *856 further found that laches applied and denied all of the relief requested by the association. It is from this final judgment, the association appeals; the lessee cross-appeals the order entered by the predecessor judge. We find the issue raised on cross-appeal to be dispositive.
On cross-appeal, the lessee argues that section 718.302, Florida Statutes, does not apply because the statute was not in effect when the association entered into the lease agreement. Applying a de novo standard of review, we agree and affirm the judgment for the lessee under the Tipsy Coachman rule. See Strod v. Lewenstark, 958 So.2d 1138, 1139 (Fla. 4th DCA 2007).
The issue to be resolved is whether section 718.302 can be applied to the lease. “Statutes are presumed to be prospective in application unless the legislature manifests an intention to the contrary.” Fleeman v. Case, 342 So.2d 815, 817 (Fla.1976). Even if the legislature intends for the statute to apply retroactively, it cannot be applied where it impairs “the obligation of contract under Article I, Section 10 of both the United States and Florida Constitutions.” Id. at 818. Here, the lease was entered into in December 1976. Section 718.302 became effective in 1977. Applying it to this lease would be impermissibly retroactive.
The association does not dispute that section 718.302(1) cannot be applied retroactively. Instead, it argues that because five of the eleven condominiums in the development were formed after the statute’s enactment, the statute is not being applied retroactively. See Hovnanian Fla., Inc. v. Div. of Fla. Land Sales & Condos., Dep’t of Bus. Regulation, 401 So.2d 851 (Fla. 1st DCA 1981).
In Hovnanian, the court examined whether section 718.401, Florida Statutes, invalidated an escalation clause in a lease the association entered into prior to the statute’s enactment. Id. at 852-53. The court found that application of the statute was not retroactive because while many of the condominiums in the development had been formed prior to the enactment of the statute, the particular condominium at issue had not been formed until after the statute was enacted. Id. at 853-54.
We find Hovnanian factually distinguishable. There, one of multiple condominiums sought to prevent application of a lease provision against a single condominium created after the statute’s effective date. Here, the entire association seeks to cancel the entire lease as to all condominiums, even those that were formed prior to the effective date of the statute. To do so would run afoul of the constitutional provisions prohibiting the impairment of contracts. See Cove Club Investors, Ltd. v. Sandalfoot S. One, Inc., 438 So.2d 354, 356 (Fla.1983).
In sum, to apply the cancellation right in section 718.302 to a lease entered into prior to its enactment would be retroactive, and impermissibly impair the obligation of the contract. Because section 718.302 cannot be applied retroactively, the association never had the right to cancel the contract pursuant to the statute.[2] The predecessor judge erred in holding that section 718.302(1) applied to the lease. Nevertheless, the successor judge entered judgment for the lessee on different grounds. We therefore affirm.

Affirmed.

STEVENSON and LEVINE, JJ, concur.

. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is *855 any basis which would support the judgment in the record.”).

. We note that this does not prohibit the association from exercising any other cancellation rights it has under the terms of the lease.