342 So.2d 815 (1976)
David B. FLEEMAN et al., Appellants,
v.
Clark CASE et al., Appellees.
DEPARTMENT OF BUSINESS REGULATION et al., Appellants,
v.
William A. JOHNSON et al., Appellees.
PLAZA DEL PRADO CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
DEL PRADO CORPORATION, etc., et al., Appellees.
Nos. 48488, 48752 and 48682.
Supreme Court of Florida.
December 22, 1976.
Rehearing Denied March 14, 1977.
Harold Tannen, Bernstein, Hodsdon & Tannen, Miami, for David B. Fleeman.
Charles L. Curtis, Tallahassee, for Dept. of Business Regulation.
*816 Michael L. Hyman, Weissenborn, Burr & Hyman, Miami, for Plaza Del Prado Condominium Assn., Inc.
George I. Platt and Alan S. Becker, Becker & Poliakoff, Miami Beach, for Clark Case.
Sam Spector and Cynthia S. Tunnicliff, Law Office of Sam Spector, Tallahassee, for William A. Johnson.
Norman S. Klein, Schwartz, Klein & Steinhardt, North Miami Beach, Robert C. Josefsberg, Pearson & Josefsberg, Miami, and James C. Smith and Roy C. Young, Smith, Young & Blue, Tallahassee, for Del Prado Corp.
Robert L. Shevin, Atty. Gen., and Charles S. Ruberg, Asst. Atty. Gen., for State of Florida, amicus curiae.
Joe N. Unger and Smith, Mandler, Smith, Parker & Werner, Miami Beach, for Maison Grande Condominium Assn., Inc., amicus curiae.
Cynthia S. Tunnicliff, Law Office of Sam Spector, Tallahassee, for Florida Improvement Assn., Inc., amicus curiae.
Charles L. Curtis, Tallahassee, for Div. of Florida Land Sales and Condominiums, amicus curiae.
Michael B. Small, West Palm Beach, for Century Village Condominium Assn., amicus curiae.
William A. Foster, Jones, Paine & Foster, West Palm Beach, for Century Village, Inc., amicus curiae.
Joseph S. Paglino, Miami, for Buckley Towers Condominium, Inc., Burleigh House Condominium, Inc., Royal Bahamian Assn., Inc., and Commodore Plaza at Century 21 Condominium Assn., Inc., amicus curiae.
Henry P. Trawick, Jr., Millican, Trawick & Griffis, Sarasota, for Trustees of the J. Wesley Buchanan Trust, amicus curiae.
Barry A. Mandelkorn, Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for Lester Roth, Trustee, amicus curiae.
Richard T. Earle, Jr., St. Petersburg, for Ridge Seminole, Inc., amicus curiae.
BOYD, Justice.
We have before us three appeals. Although they arrive at this Court in different postures[1] each involves the same issue, namely the constitutionality of Section 711.231, Florida Statutes (1975), upon which, in each case, a court below directly and initially passed.[2] The statute was enacted in *817 response to what the Legislature apparently regarded as a practice inimical to the health of this State's economy because of its inflationary nature. That practice is to insert in leases, for commonly used condominium facilities or condominium management contracts, rental escalation clauses tied to commodity or consumer price indexes. The statute provides the following:
"711.231 Escalation clauses in leases for recreational facilities or management contracts for condominiums prohibited.  It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in leases [for recreational facilities or other commonly used facilities serving condominiums] or management contracts for condominiums, and such clauses are hereby declared void for public policy. For the purposes of this section, an escalation clause is any clause in a condominium lease or management contract which provides that the rental under the lease or fee under the contract shall increase at the same percentage rate as any nationally recognized and conveniently available commodity or consumer price index."
The lessor in each of the appeals before us attacks the statute insofar as it operates retroactively, both as being without the ambit of the statute and as an impairment of the obligation of contract in violation of the United States and Florida Constitutions.[3] All parties agree that these suits involve only the application of Section 711.231 to recreation leases and management contracts entered into before the effective date of the statute, that is June 4, 1975.[4] Section 3, Chapter 75-61, Laws of Florida.
With respect to the first question posed by asserted retroactive application of the statute, we fail to find in the enactment any basis to apply the law to pre-existing contracts. Statutes are presumed to be prospective in application unless the Legislature manifests an intention to the contrary. E.g., Keystone Water Co. v. Bevis, 278 So.2d 606 (Fla. 1973). Appellees urge us to discern an intent for retroactive application (i) from the statute's proscription against the "enforcement" of escalation clauses as well as their mere inclusion in leases and management contracts, and (ii) from the action of the House of Representatives in tabling a substitute amendment to the proposed legislation which would have expressly made the law prospective in operation. We decline to divine legislative intent for an issue as important as retroactive operation either from one ambiguous reference[5] in a declaration of legislative purpose or from one attempt to amend the proposed law in one chamber of the Legislature. We can restrict the debate on a legislative "intent" for retroactivity to the floor of those chambers, as well as avoid judicial intrusions into the domain of the legislative branch, if we insist that a declaration of retroactive application be made expressly in the legislation under review. By this means the forward or backward reach of proposed laws is irrevocably assigned in the forum best suited to determine that issue, and the judiciary is limited only to determining in appropriate cases whether the expressed retroactive application of the law *818 collides with any overriding constitutional provision.
There being no express and unequivocal statement in this legislation that it was intended to apply to leases and management contracts which antedate its enactment, we hold the statute inapplicable to the contracts in these consolidated proceedings.
Even were we to conclude that the Legislature intended retroactive application of this statute, we would be compelled to hold it invalid as impairing the obligation of contract under Article I, Section 10 of both the United States and Florida Constitutions. Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975). While we ordinarily do not reach constitutional questions not necessary to the disposition of the case, in this instance the principle contention of the parties and the rulings of the trial courts below are predicated on this constitutional issue. Therefore, we deem it appropriate to resolve this issue in this proceeding.
Given the narrow issue presented by these appeals we do not decide questions as to the validity of these leases on any other grounds. Thus, although there is reference to the possibility that in some instances lease arrangements for individual unit owners may be unconscionable, inequitable or contain other deficiencies recognized in law as a basis for judicial invalidation,[6] these matters are not considered or decided here.
For the reasons expressed these cases are remanded to the circuit courts of their origin for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG and ROBERTS (Retired), JJ., concur.
HATCHETT, J., concurs with an opinion.
HATCHETT, Justice (concurring).
I concur in the judgment of the court, but I do not believe it is necessary to reach the constitutional issue in this case. Division of Beverage v. Foremost-McKesson, Inc., 330 So.2d 143 (Fla. 1976); Metropolitan Dade County Transit Authority v. State Department of Highway Safety and Motor Vehicles, 283 So.2d 99 (Fla. 1973); Williston Highlands Development Corporation v. Hogue, 277 So.2d 260 (Fla. 1973).
NOTES
[1] In Fleeman v. Case five condominium unit owners joined by the lessee condominium association of which they are members brought suit against the lessor. Their complaint requested a declaratory judgment that the escalation clause in their lease was void under § 711.236, as created by Ch. 75-61, Laws of Florida [now codified as § 711.231, Fla. Stat. (1975)]. The lessors moved to dismiss the complaint for failure to state a cause of action since the statute did not apply to them because either it was not retroactive or it was unconstitutional to the extent it was retroactive. The motion to dismiss was denied and the lessors took an interlocutory appeal to the District Court of Appeal, Third District. Jurisdiction was relinquished to the Circuit Court by the District Court to provide the lower court an opportunity to explain whether it intended to pass on the constitutional validity of the statute in its order denying the motion. The lower court amended its order to show clearly it passed on the statute's constitutionality. The cause was transferred by the District Court to this Court to be treated as a direct appeal from the Circuit Court.

In Plaza Del Prado Condominium Association v. Del Prado Corporation the lessee brought a complaint for reformation of contract and declaratory relief from their lease. The Circuit Court ordered the lessee to continue to make rental payments as required by the lease. The lessee sought modification of the order on the basis of the enactment of Ch. 75-61, Laws of Florida, now § 711.231. The court refused to modify its order, found the statute to be retroactive and declared it unconstitutional. This direct appeal followed.
In Department of Business Regulation v. Johnson the lessors instituted an action for a declaratory judgment that Ch. 75-61, Laws of Florida, now § 711.231, is unconstitutional. The Circuit Court entered a judgment declaring the statute unconstitutional insofar as it is retroactive. This direct appeal was filed by the Department, which is charged by law, § 711.801, Fla. Stat. (1975), to enforce certain provisions of Ch. 711, Fla. Stat.
[2] Our jurisdiction vests under Art. V, § 3(b)(1), Fla. Const.
[3] U.S.Const., Art. I, § 10; Art. I, § 10, Fla. Const.
[4] In his brief the Attorney General states:

"In Case No. 48,572 the court below did not rule on the prospective application of § 711.236, as it relates to this issue, denying the Motion for Summary Judgment of the Appellees (Plaintiffs, below), without prejudice. (R. 389) Appellees have not raised this issue in this appeal, nor have Appellants.
In Case No. 48,488, the lower court found § 711.236, F.S., to be constitutionally valid in so far as it applies prospectively. It does not appear from the record that Appellants, (Defendants, below) have raised this issue on appeal. Therefore, it is assumed that this issue is unlikely of treatment, at least with regard to Cases No. 48,488 and 48,572."
[5] It can be argued with equal facility that the need for an "enforcement" proscription arose from a perceived need to provide an express remedy in the event the prohibited provision was argued to be incorporated by reference or by implication, rather than simply included in future contracts or leases.
[6] See, for example, § 672.302, Fla. Stat.:

"Unconscionable contract or clause. 
"(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
"(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination."