438 So.2d 354 (1983)
COVE CLUB INVESTORS, LTD., Petitioner,
v.
SANDALFOOT SOUTH ONE, INC., et al., Respondents.
No. 61456.
Supreme Court of Florida.
June 16, 1983.
Rehearing Denied October 27, 1983.
John R. Young of Hamilton, James, Merkle & Young, West Palm Beach, for petitioner.
Rod Tennyson of Powell, Tennyson and St. John, West Palm Beach, for respondents.
PER CURIAM.
We have here a petition to review a decision of the Fourth District Court of Appeal, Sandalfoot South One, Inc. v. Sandalfoot Cove Country Club, 404 So.2d 752 (Fla. 4th DCA 1981). That decision reversed the trial court's order dismissing respondents' complaint and held that the escalation provision in a recreational agreement attached to a declaration of condominium was governed by section 718.401(8), Florida Statutes (1979), and therefore was unenforceable. That court then certified the following question as being of great public importance:
Specifically we ask the question of whether the lessor expressly consented to the incorporation of Section 718.401(8), Florida Statutes (1979) by use of the language herein set forth and also propound the question of whether the instant nonexclusive recreation agreement is encompassed by the same provision of the statute.
404 So.2d at 754.[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer both parts of the question in the negative and we hereby quash the opinion of the district court.
*355 This cause was commenced as a class action by three condominium associations on behalf of the unit owners in several condominium complexes. The initial complaint named Sandalfoot Cove Country Club, Inc., as defendant and was later amended to add Cove Club Investors, a Florida limited partnership, successor in interest to the Country Club (now a dissolved corporation). Cove Club Investors holds title to the recreational facilities and it is the lessor of same. The complaint sought to invalidate a rental escalation clause of the type addressed in section 718.401(8), Florida Statutes, contained in the recreation agreement.
Prior to 1975, United Communities Corporation built several units of condominiums. When offered for sale, the documentation on these units included a declaration of condominium with certain attachments or exhibits including a recreation agreement. The declaration submitted the property to condominium ownership and set forth the terms of the agreement between the declarer and future unit owners. Included in the declaration was a statement of intention that the declaration of condominium should be governed by not only the articles of incorporation, the bylaws of the association, but also the provisions of chapter 711, Florida Statutes, "as amended from time to time." This chapter governs the creation, organization and powers of condominiums.
The recreational agreement attached as an exhibit to the declaration provided country club services and recreational facilities to the unit purchaser and set forth the terms of the monthly charge. That fee was subject to an escalation clause tying it to the consumer price index and providing for periodic increases should the consumer price index rise because of inflation. In 1975, the legislature passed section 711.231, Florida Statutes (now section 718.401(8)), declaring these escalation clauses void as contrary to public policy.
Respondents, by bringing this action, seek to invalidate the escalation clauses in their agreements even though they purchased their units before the legislature declared these clauses void. The district court of appeal agreed with the respondents, but we do not.
Petitioner makes several arguments, but we will address only one which we deem dispositive of the entire matter. Petitioner makes the argument that though it is the lessor under the agreement it is neither the declarer nor the developer of the condominium. In fact, it maintains, it is the owner of the country club and recreational facilities which serve not only other condominium complexes but also the general public which is free to join and use the facilities. Furthermore, it did not sign the declaration of condominium and was a party only to the recreation agreement. Consequently, it never agreed to be bound by the declaration even though the parties who did sign it are bound by the subsequent amendments to the Condominium Act. We find merit in this argument.
We have examined the recreation agreement and find that though the petitioner acknowledges its commitment to provide the recreational facilities and services to the condominium owners, it does not agree to be bound by the declaration. We find that the agreement lays out in clear language that the declarer was developing the condominium, that the country club had facilities available, and that the association was "desirous of securing" the benefit of those services and facilities. But nowhere does the petitioner agree to be bound by the declaration nor by the Condominium Act. There is no way to tie up this petitioner with the declaration and the language contained therein.[2]
*356 Since it did not agree to be bound by the Act, section 718.401(8), Florida Statutes, will not touch the petitioner. As we pronounced in Fleeman v. Case, 342 So.2d 815 (Fla. 1976), this statute cannot be applied retroactively to leases signed prior to the inception of the statute, because the legislature did not intend retroactive application. Furthermore, we concluded that even had the legislature intended retroactive application, we would have been compelled to hold it invalid as impairing the obligation of contract absent any agreement to be bound by future amendments to the Act.
The opinion of the district court is quashed and the trial court's order dismissing respondents' complaint with prejudice is reinstated.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] § 718.401(8)(a), Fla. Stat. reads as follows:

(8)(a) It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in land leases or other leases or agreements for recreational facilities, land, or other commonly used facilities serving residential condominiums, and such clauses are hereby declared void for public policy. For the purposes of this section, an escalation clause is any clause in a condominium lease or agreement which provides that the rental under the lease or agreement shall increase at the same percentage rate as any nationally recognized and conveniently available commodity or consumer price index.
[2] We note that the lease was originally signed by United Communities Corporation as lessee and by Sandalfoot Cove Country Club, Inc., a wholly owned subsidiary of United Communities Corporation, as lessor. We do not address the question of whether, under the circumstances, the lease represents unconscionable self-dealing on the part of United Communities Corporation. Such an issue would require findings of fact and thus would have to be litigated at the trial court level. See Avila South Condominium Association v. Kappa Corp., 347 So.2d 599 (Fla. 1977).