514 So.2d 381 (1987)
CONDOMINIUM ASSOCIATION OF PLAZA TOWERS NORTH, INC., Appellant,
v.
PLAZA RECREATION DEVELOPMENT CORP., a Florida Corporation and Security Management Corp., a Maryland Corporation Authorized to Transact Business in the State of Florida, Appellees.
No. 86-3097.
District Court of Appeal of Florida, Third District.
September 15, 1987.
Rehearing Denied November 24, 1987.
Becker, Poliakoff & Streitfeld and Mark B. Schorr, Fort Lauderdale, for appellant.
*382 Cypen & Cypen, Miami Beach, Buchbinder & Elegant and Ira Elegant and Carolina A. Echarte, Miami, for appellees.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the defendant condominium association, as a lessee under a long-term condominium recreational lease, from a final judgment which enforces an escalation of rent clause contained in the subject lease. We affirm based on the following briefly stated legal analysis.
First, the subject lease was entered into prior to the effective date of Section 711.231, Florida Statutes (1975) [now § 718.401(8), Fla. Stat. (1985)] which invalidates rent escalation clauses in condominium recreational leases, and, consequently, the said statute cannot be applied retroactively to invalidate the rent escalation clause contained in the recreational lease presented in the instant case, Fleeman v. Case, 342 So.2d 815 (Fla. 1976),[1] unless the parties herein have by contract agreed to the contrary in the declaration of condominium or the subject long-term lease by binding themselves to any future amendments to the Condominium Act. Angora Enters. v. Cole, 439 So.2d 832 (Fla. 1983), cert. denied, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984); Century Village, Inc. v. Wellington, E, F, K, L, H, J, M & G Condominium Ass'n, 361 So.2d 128, 132-33 (Fla. 1978); Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 517 (Fla. 1978).
Second, although the declaration of condominium for the property covered by the subject recreational lease expressly adopted the Condominium Act [ch. 711, Fla. Stat. (1975)] "as the same may be amended from time to time," it is undisputed that the lessor of the recreational lease herein did not sign the declaration of condominium herein and was not bound thereby. Moreover, the recreational lease, which the parties herein did sign, contains no language incorporating the Condominium Act, as amended. In this connection, we reject the argument that this result was indirectly accomplished by the multiple references in the lease to the declaration of condominium[2] which, it is urged, incorporated the declaration of condominium en toto, and therefore incorporated the specific declaration provision which incorporated future amendments to the Condominium Act. There is no specific provision in the lease which expressly adopts the above-stated provision of the declaration of condominium, and in the absence of same, we will not turn the general language of the lease on its head so as to incorporate by incorporation future amendments to the Condominium Act  especially where, as here, the result of such an interpretation is to void specific rental provisions in the lease. We think such a drastic result should only be accomplished by clearly expressed lease terms which expressly adopt the Condominium Act, as amended. This being so, it is plain that the parties by contract did not agree to be bound by future amendments to the Condominium Act, including Section 711.231, Florida Statutes (1975). Cove Club Investors Ltd v. Sandalfoot South One, Inc., 438 So.2d 354 (Fla. 1983).
Third, we do not agree that a 1973 stipulation which settled a lawsuit involving the present parties, among others, changes this result. The parties agreed in the stipulation that the lessee herein would *383 "not be deprived" of any benefits or rights conferred by future legislation. Plainly, Section 711.231, Florida Statutes (1975), which was enacted subsequent to the stipulation, confers no legislative benefits or rights to the lessee herein because it has no retroactive application to the subject lease. Fleeman v. Case.
Finally, it follows that the rent escalation clause contained in the subject lease is valid and was properly enforced below by the trial court. The final judgment under review is, therefore, in all respects
Affirmed.
HUBBART and NESBITT, JJ., concur.
FERGUSON, Judge (dissenting).
I respectfully disagree with the majority's analysis. On the first point I believe that the scheduled date of escalation rather than the date of the lease is the operative date for applying the test for retroactivity. Fleeman v. Case, 342 So.2d 815 (Fla. 1976), relied upon by the majority, did not decide the issue. See Angora Enterprises v. Cole, 439 So.2d 832, 835 (Fla. 1983), cert. denied, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984), and Association of Golden Glades, Condo. Club, Inc. v. Golden Glades Club Recreation Corp., 441 So.2d 154, 155 (Fla. 3d DCA 1983) (Ferguson, J., dissenting), rev. denied, 455 So.2d 1033 (Fla. 1984).
In Penthouse North Assoc. v. Lombardi, 461 So.2d 1350 (Fla. 1984), the supreme court, in citing De Vore v. Lee, 158 Fla. 608, 30 So.2d 924 (1947) (an obligation to pay rent is a contingent one which becomes an enforceable debt only as the rent is earned), appears to have approved the view that the statutory prohibition against rent escalations may be raised when the lessor attempts to enforce a new escalation notwithstanding the original contract date. Such an interpretation is both reasonable and logical in that rent escalation clauses are generally features of very long term leases, such as the 99-year lease in this case.
On the second point, the fact that the appellee is a successor party to the original lessor and did not sign the Declaration of Condominium is not crucial. The material fact is that the lessor, by terms of the new lease, agreed to be bound by the Declaration which incorporates subsequent amendments to the condominium Act.[1] Here, as in Angora Enterprises v. Cole, the Declaration was attached to, and, in my view, sufficiently incorporated into the lease by reference.
I would reverse.
NOTES
[1] The dissent's contrary interpretation of the law in this area constitutes, in our view, a total rejection of the Fleeman case. The dissent would allow the statute [§ 711.231, Fla. Stat. (1975)] to void all lease rental escalations which are specifically authorized by a lease entered into prior to the effective date of the statute  when, as here, the rental escalations take place after the effective date of the statute. Obviously, this interpretation constitutes a retroactive application of the statute because it completely abrogates a previously entered-into lease provision authorizing the rent escalations in question  a result which the Fleeman case specifically precludes. Moreover, we see nothing in Penthouse North Ass'n v. Lombardi, 461 So.2d 1350 (Fla. 1985), which overrules Fleeman.
[2] The dissent cites two such general provisions in the lease; there are thirty-one other general references in the lease to the declaration of condominium.
[1] The incorporating language included:

All of the provisions of the Declaration of Condominium to which this Long-Term Lease is attached as exhibit No. 4, relative to this Lease, including specifically, those provisions relative to the Lessor's approval and consent with regard to voluntary termination of the Condominium and, where required, any Amendment of the Declaration of Condominium are hereby declared to be an integral part of the consideration given by the Lessee to the Lessor for this Lease... .
Article XXVI.
B. Incorporation of Definitions by Reference: The definitions of the words, terms, phrases, etc., as provided in Article I of the Declaration of Condominium to which this Long-Term Lease is attached as Exhibit No. 4, are incorporated herein by reference and made a part hereof, and unless the context otherwise requires, said definitions shall prevail.
Article XXIX.