557 So.2d 1350 (1990)
ASSOCIATION OF GOLDEN GLADES CONDOMINIUM CLUB, INC., Petitioner,
v.
SECURITY MANAGEMENT CORP., Respondent.
No. 71909.
Supreme Court of Florida.
March 1, 1990.
*1351 Nancy Schleifer, Miami, for petitioner.
Alan C. Sundberg and Sylvia H. Walbolt of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, and Cypen & Cypen, Miami Beach, for respondent.
OVERTON, Justice.
We have for review Association of Golden Glades Condominium Club, Inc. v. Security Management Corp., 518 So.2d 967 (Fla. 3d DCA 1988), in which the Third District Court of Appeal certified the following question as one of great public importance:
TO WHAT EXTENT DOES SECTION 718.401(8), FLORIDA STATUTES (1985), APPLY TO RENT ESCALATION CLAUSES ENTERED INTO BEFORE THE EFFECTIVE DATE OF THE STATUTE?
Id. at 967. Subsequent to the district court's decision, the legislature enacted section 718.4015, Florida Statutes (Supp. 1988), which included the provisions of section 718.401. Further, the legislature amended section 718.4015 in 1989 to clarify its 1988 enactment. We rephrase the certified question as follows:
TO WHAT EXTENT DOES SECTION 718.4015(2), FLORIDA STATUTES, PROHIBIT ENFORCEMENT OF ESCALATION CLAUSES IN LEASES ENTERED INTO PRIOR TO JUNE 4, 1975?
We have jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution, and hold that the most recent amendments neither change the effect of the existing case law nor affect the enforceability of a rent escalation clause in a recreation lease entered into prior to June 4, 1975, for rent due from June 4, 1975, to October 1, 1988. We approve the district court's decision, finding that our decision in Cove Club Investors, Ltd. v. Sandalfoot South One, Inc., 438 So.2d 354 (Fla. 1983), controls.
The relevant facts reflect that on March 14, 1970, Golden Glades Club Recreation Corporation, the lessor, entered into a long-term lease with the Association of Golden Glades Condominium Club, Inc. The lease included an escalation clause, which provided, in part:
Lessor and Lessee herein covenant and agree that the rental payments provided for in Article III. above, shall be adjusted higher or lower, based upon the Cost of Living Index, as hereinafter defined and provided in this Paragraph, at five (5) year intervals, commencing January 1st, 1975, and continuing each five (5) years thereafter throughout the term of this Lease.
That same day, Golden Glades Building Corporation, the developer, entered into a declaration of condominium with the Association of Golden Glades Condominium Club, Inc. Golden Glades Club Recreation Corporation, the lessor, was not a party to the declaration of condominium. On November 30, 1981, more than eleven years after the date of the lease and the declaration of condominium, Security Management Corporation became the successor by merger to Golden Glades Club Recreation Corporation, Golden Glades Building Corporation, and other corporate entities.
As the successor to Golden Glades Club Recreation Corporation, Security Management Corporation sued the Association of Golden Glades Condominium Club, Inc., *1352 seeking the rent due from July 1980 through January 1987 pursuant to the escalation clause. The trial court found that the escalation provision was still valid. It determined that neither Security Management Corporation nor Golden Glades Club Recreation Corporation signed the declaration of condominium or agreed to be bound by the Condominium Act or the provision in the declaration of condominium concerning the Condominium Act "as the same may be amended from time to time." Relying on Cove Club Investors, the trial court concluded that the declaration of condominium could not bind Security Management Corporation or Golden Glades Club Recreation Corporation to subsequent amendments to the Condominium Act, specifically the prohibition of escalation clauses in recreation leases.
On appeal, the Third District Court of Appeal affirmed, indicating that the case presented the identical issue as that presented in Condominium Association of Plaza Towers North, Inc. v. Plaza Recreation Development Corp., 514 So.2d 381 (Fla. 3d DCA 1987), and Golden Glades Club Recreation Corp. v. Association of Golden Glades Condominium Club, Inc., 385 So.2d 103 (Fla. 3d DCA), review denied, 392 So.2d 1374 (Fla. 1980). Relying on those two decisions, it held that "section 718.401(8), Florida Statutes (1985), previously section 711.231, Florida Statutes (1975), which invalidate[s] rent escalation clauses in condominium recreation leases cannot be applied retroactively to invalidate the rent escalation clause at issue here." 518 So.2d at 967. In Condominium Association of Plaza Towers North, the district court held that the lessor neither signed the declaration of condominium nor bound itself in the lease to amendments to the Condominium Act, stating:
There is no specific provision in the lease which expressly adopts the above-stated provision of the declaration of condominium, and in the absence of same, we will not turn the general language of the lease on its head so as to incorporate by incorporation future amendments to the Condominium Act  especially where, as here, the result of such an interpretation is to void specific rental provisions in the lease. We think such a drastic result should only be accomplished by clearly expressed lease terms which expressly adopt the Condominium Act, as amended. This being so, it is plain that the parties by contract did not agree to be bound by future amendments to the Condominium Act, including Section 711.231, Florida Statutes (1975). Cove Club Investors, Ltd. v. Sandalfoot South One, Inc., 438 So.2d 354 (Fla. 1983).
514 So.2d at 382.
The petitioner argues that (1) the reference in the lease to the definition section in the condominium document binds the lessor to future amendments to the Condominium Act and (2) the merger effectively makes the provisions of the condominium document part of the lease.
To resolve the issues presented, we find it necessary to examine the legislative history pertaining to rent escalation clauses in condominium leases of recreation properties. In 1975, the legislature, by chapter 75-61, Laws of Florida, declared void these rent escalation clauses. This statute, section 711.231, Florida Statutes (1975), was subsequently renumbered as section 718.401. Section 718.401, Florida Statutes (1985), provided, in pertinent part:
(8)(a) It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in land leases or other leases or agreements for recreational facilities, land, or other commonly used facilities serving residential condominiums, and such clauses are hereby declared void for public policy.
In 1988, the legislature created section 718.4015 to modify what was previously set forth in section 718.401(8). Section 718.4015, Florida Statutes (1988), provided, in pertinent part:
(1) It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses, in land leases or other leases or agreements for recreational facilities, land, or other commonly used facilities serving residential condominiums, and such clauses *1353 are hereby declared void for public policy... .
(2) ... However, the provisions of subsection (1) apply to contracts entered into prior to, on, and after June 4, 1975, if the lessor is not the Government of the United States or this state or any political subdivision thereof or any agency of any political subdivision thereof. The application of subsection (1) to contracts entered into prior to June 4, 1975, may not divest the parties of any benefits or obligations arising from the escalation of fees prior to October 1, 1988, but only prohibits further escalation of fees pursuant to the escalation clauses, on or after October 1, 1988.

(Emphasis added.) In 1989, the legislature amended section 718.4015 by chapter 89-164, Laws of Florida, to clarify its 1988 amendment. It provides, in relevant part:
(1) It is declared that the public policy of this state prohibits the inclusion or enforcement of escalation clauses in land leases or other leases or agreements for recreational facilities, land, or other commonly used facilities serving residential condominiums, and such clauses are hereby declared void for public policy... .
(2) This public policy prohibits the inclusion or enforcement of such escalation clauses in leases related to condominiums for which the declaration of condominium was recorded on or after June 4, 1975; it prohibits the enforcement of escalation clauses in leases related to condominiums for which the declaration of condominium was recorded prior to June 4, 1975, but which have been refused enforcement on the grounds that the parties agreed to be bound by subsequent amendments to the Florida Statutes or which have been found to be void because of a finding that such lease is unconscionable or which have been refused enforcement on the basis of the application of former s. 718.401(8) or s. 711.231; and it prohibits any further escalation of rental fees after October 1, 1988, pursuant to escalation clauses in leases related to condominiums for which the declaration was recorded prior to June 4, 1975.

(Emphasis added.) The legislature explained its reasons for the 1989 amendment as follows:
WHEREAS, sections 718.4015 and 719.4015, Florida Statutes, were adopted in the 1988 session of the Legislature, and
WHEREAS, it was the intent of the Legislature in adopting said legislation to afford protection to condominium and cooperative associations and their unit owners whose leases predated the initial passage of similar legislation on June 4, 1975, and
WHEREAS, it was not the intent of the Legislature in adopting said legislation so as to affect escalations that have been rendered void by virtue of the operation of former sections 718.401(8), 719.401(8), and 711.231, Florida Statutes, or by judgment of a court of competent jurisdiction, and
WHEREAS, it was not the intent of the Legislature to repeal former section 711.231, section 718.401(8), or section 719.401(8), Florida Statutes, and
WHEREAS, at least one district court of appeal has construed the adoption of section 718.4015, Florida Statutes, so as to act as a repeal of former section 718.401(8), Florida Statutes, that is therefore no longer operative as to a lease that otherwise might have been governed by section 718.401(8), Florida Statutes, but for the enactment of section 718.4015, Florida Statutes, and
WHEREAS, it is the intent of the Legislature to clarify its intent and passage of sections 718.4015 and 719.4015, Florida Statutes, so as not to apply to escalations that have been rendered void by virtue of said statutes, or by judgment of a court of competent jurisdiction... .
Ch. 89-164, Laws of Fla.
We have established case law concerning the enforceability of escalation clauses in recreation leases entered into prior to June 4, 1975. In 1976, this Court addressed the *1354 enforceability of section 711.231 to leases entered into prior to its effective date, June 4, 1974, in Fleeman v. Case, 342 So.2d 815 (Fla. 1976). There, we held that the statute could not be given retroactive application because there was no showing that such was the intent of the legislature. Id. at 818. Further, we stated: "Even were we to conclude that the Legislature intended retroactive application of this statute, we would be compelled to hold it invalid as impairing the obligation of contract under Article I, Section 10 of both the United States and Florida Constitutions." Id. (citation omitted).
Subsequently, in Century Village, Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condominium Association, 361 So.2d 128 (Fla. 1978), we determined that section 711.63(4), Florida Statutes (Supp. 1974),[1] could be retroactively applied if the lessor expressly "agreed to be bound by all future amendments to the Condominium Act in the declaration of condominium." Id. at 133.
In Angora Enterprises, Inc. v. Cole, 439 So.2d 832 (Fla. 1983), cert. denied, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984), we relied on Century Village and held that "the parties intended to be bound by future amendments to the condominium act," id. at 834, where the lessor was the signatory on both the lease and the declaration of condominium and the declaration of condominium included in its definition of the Condominium Act the terms "as the [Condominium Act] may be amended from time to time." Id. Similarly, the same entity executed both of the documents in Century Village.
On the same day that Angora Enterprises was released, we also released Cove Club Investors, Ltd. v. Sandalfoot South One, Inc., 438 So.2d 354 (Fla. 1983). In Cove Club Investors, United Communities Corporation executed a declaration of condominium which included a provision adopting the Condominium Act and any future amendments to the Act. A recreation lease, which included an escalation clause, was attached to the declaration of condominium. Sandalfoot Cove Country Club, Inc., was the lessor under the recreation lease but was not a party to the declaration of condominium. It is important to note that although Sandalfoot Cove Country Club, Inc. was a separate entity, it was a wholly-owned subsidiary of United Communities Corporation, the developer. In Cove Club Investors, we determined that Sandalfoot Cove Country Club, Inc. was not bound by the declaration of condominium. In doing so, we reaffirmed our holding in *1355 Fleeman that the statutory prohibition of escalation clauses could not be retroactively applied and held that, since the lessor had not agreed to be bound by the declaration or the Condominium Act, "[t]here is no way to tie up this petitioner with the declaration and the language contained therein." Id. at 355 (footnote omitted).
In a recent decision, the Third District Court of Appeal, in Sky Lake Gardens Recreation, Inc. v. Sky Lake Gardens No. 1, 3 and 4, Inc., Nos. 86-2567, XX-XXXXXX, (Fla. 3d DCA Jan. 31, 1989) held that the 1988 amendment expressly allowed the enforcement of all escalation clauses contained in leases entered into prior to June 4, 1975.
In the instant case, the petitioner lessee argues that the lease is not enforceable, asserting (1) that Angora Enterprises applies and (2) that the merger requires this result. On the other hand, the respondent lessor argues that the escalation clause in this instance is enforceable on the basis of (1) the Third District Court of Appeal's interpretation of the 1988 statute in Sky Lake Gardens Recreation and (2) the application of our decision in Cove Club Investors.
We reject the respondent's claim and the Third District Court of Appeal's statement in Sky Lake Gardens Recreation that chapter 88-225, Laws of Florida (codified at section 718.4015), repealed section 718.401(8), the statute which the petitioner claims is enforceable under the principles we adopted in Angora Enterprises. First, the 1988 statute recognized that the established case law continues to apply. Next, we find that the legislature did not intend to change how escalation clauses entered into prior to June 4, 1975, are enforced prior to October 1, 1988, but did intend to recognize established case law and establish a statutory prohibition for escalated rents pursuant to those escalation clauses due after October 1, 1988. This interpretation is also consistent with the 1989 amendment contained in chapter 89-164. We find that the 1988 and 1989 amendments do not change the law to benefit the respondent in this cause.
One question which must be resolved is whether the respondent lessor in this cause is bound by the Condominium Act as amended. As previously stated, the petitioner argues that we should apply Angora Enterprises while the respondent relies on Cove Club Investors. As the petitioner acknowledges, the lessor, who executed the recreation agreement in Angora Enterprises, was also the developer, who signed the declaration of condominium. That is not true in the instant case. The petitioner argues that Angora Enterprises still applies because the lease in this instance adopted by reference the definitions in the declaration of condominium documents. It also argues that Angora Enterprises applies because the declarer and the lessor merged into a single corporation eleven years after the declaration of condominium and the lease originated. We disagree.
We must emphasize that in Cove Club Investors the developer was the parent corporation of the lessor corporation. In that case, we enforced the escalation clause. Except for the merger argument, we see no real difference between Cove Club Investors and the instant case. The petitioner claims that the merger rendered the escalation clause void. We disagree. When the lease and declaration were executed, the lessor and declarer were separate entities.[2] Nothing suggests that the lessor or the successor by merger contemplated any change in the terms or enforceability of the lease as a result of the merger. The merger cannot change or void the terms of this lease. In Cove Club Investors, the lessor entity was a wholly-owned subsidiary of the corporate entity that entered into the condominium documents. Those circumstances did not change the enforcement of the lease provision. To adopt the petitioner's view would allow third parties to challenge an agreement's validity and void its provisions solely because of a merger.
*1356 For the reasons expressed, we answer the question by holding that section 718.4015(2) does not prohibit the enforcement of this escalation clause and approve the decision of the district court of appeal. We disapprove the Third District Court of Appeal's decision in Sky Lake Gardens Recreation to the extent that it conflicts with our interpretation of the relevant statutes.
It is so ordered.
EHRLICH, C.J., and GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs with an opinion.
SHAW and BARKETT, JJ., concur in result only.
McDONALD, Justice, concurring.
Article I, section 10 of the Florida Constitution prohibits any law impairing the obligation of contracts. An attempted statutory prohibition against rent escalation clauses is ineffective to any contract in existence prior to the enactment of the prohibition. We have ruled, however, that, if documents executed simultaneously with the rent escalation clause indicated an intent by the lessor to be bound by changes in the law, subsequent legislative restrictions could be applicable because they were part of the contract. Absent such an agreement, the lessor has the right to enforce the terms of his contractual agreement. No matter how hard the legislature may try, it cannot affect the terms of a contract unless the contracting parties indicated an intent to allow it to do so and agreed to follow future legislative enactments. This did not happen here.
NOTES
[1] Section 711.63, Florida Statutes (Supp. 1974), provided:

711.63 Creation of condominiums and cooperatives; contents of leases.  If any portion of the common elements or common areas or any other property serving the unit owners of a condominium or cooperative is subject to a lease and the rent under the lease is payable by the association or by the unit owners, or if a developer leases a unit for a term of more than 5 years or sells a unit subject to a lease with a remaining term of more than 5 years, the terms of the lease shall comply with the following requirements:
... .
(4) The lease shall provide, and if it does not so provide shall be deemed to provide, that in any action by the lessor to enforce a lien for rent payable with respect to leases under this section or any action by the association or a unit owner with respect to the obligations of the lessee or the lessor under the lease, the unit owner may interpose any defenses, legal or equitable, that he may have with respect to the lessor's obligations under the lease. If the unit owner interposes any defense other than payment of rent under the lease, the unit owner shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. Failure of the unit owner to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the unit owner's defenses other than payment, and the lessor shall be entitled to an immediate default. When the unit owner has deposited funds into the registry of the court as provided herein, the lessor may apply to the court for disbursement of all or part of the funds as may be shown to be necessary for the payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintaining and equipping the leased facilities. The court, after preliminary hearing, may award all or any part of the funds on deposit to the lessor or may advance the cause on the calendar and to a final resolution.
This statute was renumbered in 1976 as section 718.401.
[2] We note that the lessee in the instant case never alleged at trial that the lessor and developer should be viewed as one corporation and that the corporate veil should be pierced.