OVERTON, Justice.
We have for review Condominium Association of Plaza Towers North v. Plaza Recreation Development Corp., 514 So.2d 381 (Fla. 3d DCA 1987), in which the Third District Court of Appeal held that an escalation clause in a recreation lease entered into prior to the effective date of section 711.231, Florida Statutes (1975),* was still enforceable. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the Third District Court of Appeal’s decision.
The Third District Court of Appeal relied on its decision in the instant case in rendering its opinion in Association of Golden Glades Condominium Club, Inc. v. Secur *1357 ity Management Corp., 518 So.2d 967 (Fla. 3d DCA 1988), in which it certified the identical issue to this Court as one of great public importance. For the reasons we expressed in Association of Golden Glades Condominium Club, Inc. v. Security Management Corp., 557 So.2d 1350 (Fla.1990), which is being released simultaneously with this opinion, we hold that the escalation clause in the instant case is valid and enforceable.
Accordingly, we approve the Third District Court of Appeal’s decision in this case.
It is so ordered.
EHRLICH, C.J., and McDONALD, GRIMES and KOGAN, JJ., concur.
SHAW and BARKETT, JJ., concur in result only.

 This statute was renumbered as section 718.4015 in 1988 and has been amended since 1975. For a review of the history of this statute, see Association of Golden Glades Condominium Club, Inc. v. Security Management Corp., 557 So.2d 1350 (Fla.1990).