On Motion to Appear as Amicus Curiae and Motion for Rehearing

NESBITT, Judge.
The motion by the Division of Florida Land Sales, Condominiums and Mobile Homes to appear as amicus curiae and join pending motions is granted. This court’s *1027 opinion filed January 31, 1989 is hereby vacated and replaced with the following:
Sky Lake Gardens Recreation, Inc., (“Recreation”), defendant/counterplaintiff below, seeks reversal of the trial court’s amended final judgment which rescinded three 99-year recreation leases entered into between Recreation as lessor and Sky Lake Gardens Nos. 1, 3, and 4 (“the Associations”), plaintiffs/counterdefendants below, as lessees. The recreation leases, which were executed in 1964, provided for rental escalations every ten years, commencing in 1974. In 1984 the Associations filed suit challenging the validity of the rental escalation clauses. Recreation counterclaimed, seeking rescission of the leases in the event the escalation clauses were ultimately voided by the court. The trial court entered judgment in favor of the Associations, declaring the escalation clauses to be void pursuant to section 718.-401(8)(a), Florida Statutes (1985). In light of that order, by amended final judgment the court granted the relief requested by Recreation, rescinding further enforcement of the recreation leases, and denied both parties’ requests for attorney’s fees. We find that the trial court erred both in declaring the escalation clauses void and in rescinding further enforcement of the recreational leases.
The recent case of Association of Golden Glades Condominium Club, Inc. v. Security Management Cory., 557 So.2d 1350 (Fla.1990) clarifies the enforceability of section 718.401(8)(a) and its subsequent changes.[1] It demonstrates that the crucial inquiry in a ease where an attempt is being made to void the escalation clause in a recreation lease is whether the lessor agreed to be bound by changes in the Condominium Act, chapter 718.
In Angora Enters., Inc. v. Cole, 439 So.2d 832, 834 (Fla.1983), cert. denied, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984), the supreme court held that where the declaration of condominium expressly incorporated the Condominium Act and any amendments, such language encompassed the amendment declaring escalation clauses in recreation or land leases void and unenforceable. In that case, the lessor was the signatory on both the lease and the declaration of condominium. The court observed that to say that the lessor, who in his corporate capacity was both the developer and the management firm, did not agree to the terms of declaration “is to refuse to see what is plainly written in black and white.” The escalation clause in that lease was therefore held to be void. See Century Village, Inc. v. Wellington, E, F, K, L, H, J, M & G, Condominium Ass’n, 361 So.2d 128 (Fla.1978); see also Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 517 (Fla.1978); Wilderness Country Club Partnership, Ltd. v. Groves, 458 So.2d 769 (Fla. 2d DCA 1984).
In Cove Club Investors, Ltd. v. Sandalfoot South One, Inc., 438 So.2d 354 (Fla.1983), the supreme court determined that there was no evidence that the lessor had agreed to be bound by changes in the Condominium Act. The court made that determination notwithstanding the fact that San-dalfoot, the lessor, was a wholly owned subsidiary of the developer. The evidence demonstrated that Sandalfoot had not been a party to the declaration of condominium which contained the language incorporating changes in the Condominium Act, and the court determined that in such circumstances the escalation clause under dispute remained valid.
In the instant case, only the declarations of condominium signed by the developer incorporated changes in the Condominium Act. The leases never stated that the declarations of condominium were incorporated into the leases, nor did the leases incorporate changes in the Condominium Act. The lessees claim that because the signatories on both the declarations and the leases are the same parties, Angora should control. However, the developer and lessor in the instant case signed as officers of two distinct corporations. Cove *1028 Club Investors demonstrates that a subsidiary relationship between a developer and lessor standing alone will not allow the lessor to be held to obligations only assumed by the developer. The developer and lessor represented two separate corporate entities. The corporate veil will not be pierced absent a showing of improper conduct. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984). Furthermore, mere references in a recreation lease to a declaration of condominium do not fuse the documents into one instrument or establish the contractual intent that the lease itself be bound by revisions to the condominium law. Condominium Ass’n of Plaza Towers North, Inc. v. Plaza Recreation Dev. Corp., 514 So.2d 381 (Fla. 3d DCA 1987), approved, 557 So.2d 1356 (Fla.1990). Such a drastic result as voiding specific lease rental provisions should only be accomplished by clearly expressed lease terms which expressly adopt the Condominium Act, as amended. Id. at 382.
Therefore, in the instant dispute, the trial court’s order finding the escalation clause void must be reversed. At the lessor’s request, the trial court granted rescission of the leases after it determined that the escalation clauses in those leases were invalid. The court found that rescission was necessary because by freezing rental payments at the 1974 levels, the court had caused the abrogation of an indispensable contract term. See Wilderness Country Club, 458 So.2d at 769. In light of our decision finding the escalation clauses remain valid, rescission is no longer justified or permissible. The order of rescission is therefore vacated.
Accordingly, the amended final judgment is reversed and each party is ordered to pay its own attorney’s fees.
FERGUSON, J., concurs.

. The legislative history pertaining to rent escalation clauses in condominium leases of recreation properties is reviewed in Association of Golden Glades Condominium Club, Inc., 557 So.2d at 1350-51.