580 So.2d 859 (1991)
MAISON GRANDE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
DORTEN, INC., and Robert Siegel, As Successor Trustee under the Siegel Family Trust, Appellees.
No. 90-529.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Rehearing Denied July 11, 1991.
*860 Hyman & Kaplan, P.A., and Michael J. Hyman and Edoardo Meloni, Miami, for appellant.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Joel S. Perwin, Miami, for appellees.
Karl M. Scheuerman, Tallahassee, for Div. of Florida Land Sales, Condominiums, and Mobile Homes, as amicus curiae.
Robert A. Butterworth, Atty. Gen., and Charles A. Finkel, Asst. Atty. Gen., for the State of Fla. as amici curiae.
Floyd Pearson, Richman, Greer, Weil, Brumbaugh & Russomanno, P.A., and Gerald F. Richman, Scott J. Feder, and Robert J. Borrello, for Schreiber, Pearl, Gordon, and Gesundheit, in support of position of appellees, as amici curiae.
Before BASKIN, JORGENSON and COPE, JJ.
JORGENSON, Judge.
Maison Grande Condominium Association, Inc. [Maison Grande], appeals from an order of final summary judgment in an action for declaratory relief and breach of contract. We affirm.
In 1971, Maison Grande and Dorten, Inc., entered into a ninety-nine-year recreational lease for a pool deck. The lease contained an escalation clause that provided that the rental payments would be adjusted annually based upon changes in the consumer price index. When the lease was signed, the consumer price index was 4.34%; the rental payment was $241,920 per year. By 1988, because of enormous increases in the consumer price index, Maison Grande was paying $706,452 per year for rental of the pool deck.
In 1971, when the lease was entered into, escalation clauses in recreational leases were legal. Effective June 4, 1975, the Florida legislature declared that escalation clauses were contrary to public policy and prohibited the inclusion or enforcement of such clauses. § 711.231, Fla. Stat. (1975); ch. 75-61, Laws of Florida; Association of Golden Glades Condominium Club, Inc. v. Security Management Corp., 557 So.2d 1350, 1352 (Fla. 1990). Effective January 1, 1977, chapter 711 was replaced by chapter 718; section 718.401(8)(a) recodified the prior declaration that escalation clauses were contrary to Florida's public policy. On July 1, 1988, section 718.401(8) was replaced by the virtually identical section 718.4015(1). Section 718.4015 again prohibited escalation clauses and applied the prohibition to all existing or future contracts.[1]
On January 1, 1989, Maison Grande paid the full amount of the previously escalated rental payment but did not include the adjustment based on the consumer price index for 1989. Dorten sued Maison Grande seeking a declaration that section 718.4015 violated Article I, section 10, of the United States and Florida constitutions and the Fourteenth Amendment to the United States Constitution by impairing the obligation of contracts. Dorten also sued for breach of contract.[2] The trial court granted Dorten's motion for summary judgment on the count for declaratory relief, declaring section 718.4015 unconstitutional. The trial court also awarded Dorten costs, interest, and attorney's fees.[3]
*861 We agree with Maison Grande that the escalation clause provides Dorten with extraordinary windfall profits and that the Florida legislature has declared such clauses against public policy. Nevertheless, a review of the body of law from the Florida Supreme Court concerning escalation clauses in condominium leases compels the conclusion that application of the statutory ban to leases entered into before 1975 is constitutionally prohibited.
In Fleeman v. Case, 342 So.2d 815 (Fla. 1976), the Florida Supreme Court held that section 711.231, the earliest incarnation of section 718.4015, prohibiting the enforcement of escalation clauses in condominium leases, could not be applied retroactively. The court gave two alternative reasons for its holding. First, the court reasoned that the statute was not worded in a way that would make it applicable to preexisting contracts. Second, the court concluded that, had the legislature intended retroactive application of the statute, the statute would violate the constitutional ban on impairing contracts. In this appeal, Maison Grande has characterized the second rationale given in Fleeman as mere dicta. However, the court in Fleeman explained its reasoning as follows: "[W]hile we ordinarily do not reach constitutional questions not necessary to the disposition of the case, in this case the principle [sic] contention of the parties and the rulings of the trial courts below are predicated on this constitutional issue. Therefore, we deem it appropriate to resolve the issue in this proceeding." Fleeman, 342 So.2d at 818. Both the language of Fleeman itself and the supreme court's later treatment of Fleeman indicate that the second rationale, based on constitutional grounds, was not dicta.
In Cove Club Investors, Ltd. v. Sandalfoot South One, Inc., 438 So.2d 354 (Fla. 1983), the Florida Supreme Court reaffirmed its constitutional holding in Fleeman. The court held that a lessor was not bound by a statement in the declaration of condominium that the declaration was subject to changes in the Condominium Act, as the lessor had not been a party to that agreement. "Furthermore, we concluded [in Fleeman] that even had the legislature intended retroactive application, we would have been compelled to hold it invalid as impairing the obligation of contract absent any agreement to be bound by future amendments to the Act." Cove Club, 438 So.2d at 356.
The supreme court's most recent pronouncement on the retroactive application of a statutory ban on escalation clauses came in Association of Golden Glades Condominium Club, Inc. v. Security Management Corp., 557 So.2d 1350 (Fla. 1990). In Golden Glades, the court held that section 718.4015 did not prohibit the enforcement of an escalation clause entered into before June 4, 1975, for rent due from June 4, 1975, to October 1, 1988, the effective date of section 718.4015. In Golden Glades, the court again ratified its constitutional holding in Fleeman. "We have established case law concerning the enforceability of escalation clauses in recreation leases entered into prior to June 4, 1975... . [W]e stated: `Even were we to conclude that the legislature intended retroactive application of this statute, we would be compelled to hold it invalid as impairing the obligation of contract under Article I, Section 10 of both the United States and Florida Constitutions.'" Golden Glades, 557 So.2d at 1354, quoting Fleeman.
Golden Glades did not answer the precise question posed by this case  whether section 718.4015 prohibits the collection of escalation payments due after October 1, 1988, under the terms of a lease entered into when escalation clauses were still legal. However, the supreme court's position is clear and unequivocal on the issue of the retroactive application of the statutory ban. According to Fleeman, Cove Club, and Golden Glades, if the statute expressly mandates retroactive application, the *862 statute cannot withstand constitutional muster.[4]
Maison Grande argues on appeal that Fleeman has been modified by Pomponio v. Claridge of Pompano Condominium, Inc., 378 So.2d 774 (Fla. 1979), and United States Fidelity & Guaranty Co. v. Dept. of Ins., 453 So.2d 1355 (Fla. 1984). Maison Grande asserts that in Pomponio and U.S.F. & G., the supreme court receded from its broad holding in Fleeman and adopted a balancing test to determine under what circumstances the legislature may enact statutes that impair the obligation of the contract. We disagree. The criteria for contract clause analysis has not changed since Fleeman. In 1975, the Florida Supreme Court adopted the balancing test in Yamaha Parts Distributors Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975), and prohibited the retroactive application of a statute that would have modified preexisting franchise-termination provisions of a contract. "Under the circumstances of this case, we hold that the state's interest in policing franchise agreements and other manifestations of the motor vehicle distribution system is not so great as to override the sanctity of contracts." Yamaha, 316 So.2d at 559. In Fleeman, the supreme court expressly premised its constitutional holding on Yamaha. 342 So.2d at 818. The balancing test predated Fleeman. When the supreme court decided Pomponio and U.S.F. & G., it did not announce a new approach to testing the constitutionality of a statute that impaired contracts; it merely specified the factors to be weighed in balancing the interests of the state and the parties to the contract. Implicit in Cove Club and Golden Glades, therefore, is the conclusion that, as in Fleeman, the scales tipped to prohibit the impairment of the preexisting contract. Should the supreme court decide to revisit the issue, it may, of course, recede from Fleeman, Cove Club, and Golden Glades. We, of course, are constrained to follow the clear mandate of the state's highest court. However, because the supreme court has not expressly answered the question of whether escalation clauses in leases entered into before 1975 can be enforced after October 1, 1988, for the entire remaining term of the lease, we certify the following question to the Florida Supreme Court as one of great public importance:
Is an escalation clause in a condominium recreation lease that was entered into before 1975 enforceable after October 1, 1988, for the entire term of the ninety-nine-year lease, where the lessor has not agreed to be bound by future changes in the condominium act?
Absent an unequivocal pronouncement by the supreme court on this issue, we must affirm.[5]
Affirmed; question certified.
NOTES
[1] In all of the statutory revisions, the effective date of the statutory ban on escalation clauses has remained June 4, 1975. Golden Glades Condominium Club, Inc., 557 So.2d at 1352.
[2] Maison Grande ultimately paid the 1989 cost-of-living adjustment into the registry of the court.
[3] This litigation is the latest chapter in a long-standing dispute between the parties. In 1975, Maison Grande sued in federal court alleging that the escalation clause violated federal antitrust laws. Maison Grande Condominium Ass'n, Inc. v. Maison Grande, No. 75-56-Civ-Eaton, S.D.Fla. The antitrust suit resulted in a verdict against the association which was affirmed by the eleventh circuit, Case No. 81-5685. Also in 1975, Dorten sued Maison Grande in state court for breach of contract after Maison Grande refused to pay the cost-of-living adjustment. Maison Grande counterclaimed, alleging that the escalation clause was unconscionable. The question of unconscionability was tried before a jury which found for Dorten. This court affirmed. Maison Grande v. Dorten, Inc., 358 So.2d 851 (Fla. 3d DCA 1978).
[4] The only circumstance under which the ban may be applied retroactively is when the lessor has expressly agreed to be bound by future changes in the Condominium Act. Angora Enters., Inc. v. Cole, 439 So.2d 832 (Fla. 1983), cert. denied, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984); Century Village, Inc. Condominium v. Wellington, E, F, K, L, H, J, M, & G, Condominium Ass'n, 361 So.2d 128 (Fla. 1978); Sky Lake Gardens Recreation, Inc. v. Sky Lake Gardens, 574 So.2d 1135 (Fla. 3d DCA 1991) (on reh'g and motion for clarification).
[5] We likewise affirm the order awarding costs, interest, and attorney's fees. By the clear terms of the lease, Maison Grande is obligated to pay the costs and fees. The good faith of the parties and the debatable nature of the legal issues in this case do not override the contractual terms. See Brickell Bay Condominium Ass'n v. Forte, 397 So.2d 959 (Fla. 3d DCA), rev. denied, 408 So.2d 1092 (Fla. 1981).