600 So.2d 463 (1992)
MAISON GRANDE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
DORTEN, INC., et al., Appellees.
No. 78197.
Supreme Court of Florida.
June 4, 1992.
*464 Michael L. Hyman and Edoardo Meloni of Hyman & Kaplan, P.A., Miami, for appellant.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellees.
Robert A. Butterworth, Atty. Gen., and Charles A. Finkel, Asst. Atty. Gen., Tallahassee, amicus curiae, for State of Fla.
Gerald F. Richman, Scott J. Feder and Robert J. Borrello of Floyd, Pearson, Richman, Greer, Weil, Brumbaugh & Russomanno, P.A., Miami, amici curiae, for Shirley Schrieber, Edith Pearl, Madeline Gordon and Florence Gesundheit.
PER CURIAM.
We review Maison Grande Condominium Ass'n v. Dorten, Inc., 580 So.2d 859 (Fla. 3d DCA 1991), in which the district court expressly declared section 718.4015, Florida Statutes (Supp. 1988), unconstitutional,[1] and certified the following question of great public importance:
Is an escalation clause in a condominium recreation lease that was entered into before 1975 enforceable after October 1, 1988, for the entire term of the ninetynine-year lease, where the lessor has not agreed to be bound by future changes in the condominium act?
Maison Grande, 580 So.2d at 862. This case is controlled by Fleeman v. Case, 342 So.2d 815 (Fla. 1976), in which we held that the retroactive application of the predecessor to section 718.4015 would violate the contracts clause of the Florida and federal constitutions. See also Condominium Ass'n of Plaza Towers North, Inc. v. Plaza Recreation Dev. Corp., 557 So.2d 1356 (Fla. 1990); Association of Golden Glades Condominium Club, Inc. v. Security Management Corp., 557 So.2d 1350 (Fla. 1990); Cove Club Investors, Ltd. v. Sandalfoot South One, Inc., 438 So.2d 354 (Fla. 1983).
Accordingly, we must answer the certified question in the affirmative.
Maison Grande also appeals the district court's award of costs and attorneys' fees. The lease agreement between Maison Grande and Dorten provides for the lessor to recover attorneys' fees and costs should it prevail
[i]n any proceeding arising by reason of an alleged failure of the lessee to perform any of its duties and obligations pursuant to the provisions hereof, or by reason of an alleged breach of any of the terms and/or conditions or covenants of this lease, or by reason of any default in the payment of any monies, rentals or sums due or becoming due... .
*465 Florida law has long recognized "that a statute found on the statute books must be presumed to be valid and given effect until it is judicially declared unconstitutional." City of Sebring v. Wolf, 105 Fla. 516, 519, 141 So. 736, 737 (1932). Until the trial court declared section 718.4015 unconstitutional, the statute was valid and the escalation clause was void for public policy. We thus agree with Maison Grande that its nonperformance of the escalation clause up to the time the trial court declared section 718.4015 unconstitutional must be excused and that it is not liable to Dorten for attorneys' fees and costs associated with Dorten's effort to have section 718.4015 declared unconstitutional. Furthermore, Maison Grande is not liable for costs and attorneys' fees associated with the appeal below and in this Court because the contractual language does not expressly include costs and fees on appeal. See Ohio Realty Inv. Corp. v. Southern Bank, 300 So.2d 679, 682 (Fla. 1974).
Accordingly, we affirm in part and reverse in part the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs in part and dissents in part.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.