670 So.2d 1107 (1996)
Sara GOMEZ-ORTEGA and Antonio Gomez-Ortega, individually and on behalf of all acquirers of title to condominium units at Maison Grande, a condominium from a grantor other than the Developer, Appellants,
v.
DORTEN, INC. and Robert L. Siegel, Appellees.
No. 94-2688.
District Court of Appeal of Florida, Third District.
March 27, 1996.
*1108 Hyman & Kaplan and Michael L. Hyman and Edoardo Meloni, Miami, for appellants.
Podhurst, Orseck, Josefsburg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin, Miami, for appellees.
Before BARKDULL, GODERICH and GREEN,[*] JJ.
PER CURIAM.
The plaintiffs, Sara and Antonio Gomez-Ortega, appeal from an adverse final summary judgment and from the denial of their motion for rehearing. We affirm.
In the underlying suit, the plaintiffs brought a class action lawsuit on behalf of themselves and the other secondary purchasers of certain condominium units alleging that a lease agreement containing an escalation clause that was entered into by the original owners of the condominium units was not enforceable against them because they were not parties to it. The issue of whether this lease agreement is constitutional and enforceable has been previously litigated several times by the condominium association. This court and the Florida Supreme Court have held that the lease agreement is constitutional and enforceable, Maison Grande Condominium A.ss'n, Inc. v. Dorten, Inc., 600 So.2d 463 (Fla.1992) affirming in part 580 So.2d 859 (Fla. 3d DCA 1991),[1] and subsequent claims challenging the lease agreement have been barred by res judicata. Maison Grande Condominium Ass'n, Inc. v. Dorten, Inc., 621 So.2d 762 (Fla. 3d DCA 1993), review denied, 634 So.2d 625 (Fla.1994).
The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, as well as actually litigated, issue. However, this principle only applies when the elements of res judicata are present and the doctrine is properly applied. When the second suit is upon the same cause of action and between the same parties as the first, res judicata applies. The first judgment is conclusive as to all matters which were or could have been determined. It has been well settled by this Court that several conditions must occur simultaneously if a matter is to be made res judicata: identity of the thing sued for; identity of the cause of action; identity of parties; identity of the quality in the person for or against whom the claim is made.
Albrecht v. State, 444 So.2d 8, 11-12 (Fla. 1984) (citations omitted).
The plaintiffs contend that their suit challenging the lease agreement is not barred by the doctrine of res judicata because there is no identity of the parties since the secondary purchasers, rather than the condominium association, brought this suit. We disagree.
In the instant case, although the secondary purchasers, rather than the condominium association, brought this suit, for purposes of res judicata, these parties are the same. First, the secondary purchasers were in privity *1109 with the condominium association when the prior cases were litigated. Progressive Am. Ins. Co. v. McKinnie, 513 So.2d 748, 749 (Fla. 4th DCA 1987) ("[A] careful statement of the identity of the parties element in ... res judicata analysis includes, alternatively, ones in privity with actual parties, participants in the action having an interest but not technically parties, and persons virtually, though not actually, represented by the parties of record.") Further, the question of the enforceability of the lease agreement against the secondary purchasers could have been litigated in the preceding suits because there were already secondary purchasers existing at the time that those suits were brought. ICC Chemical Corp. v. Freeman, 640 So.2d 92, 93 (Fla. 3d DCA 1994) ("Res judicata applies to all matters actually raised and determined as well as all other matters which could properly have been raised and determined in the prior action, whether they were or not.") Therefore, res judicata applies here despite the fact that the secondary purchasers, rather than the association, brought this suit. As such, the trial court properly granted summary judgment.
This issue is dispositive of the remaining issues raised on appeal.
Accordingly, the decision of the trial court is affirmed.
NOTES
[*] Green, J., did not participate in oral argument.
[1] The Florida Supreme Court affirmed the constitutionality and the enforceability of the escalation clause in the lease agreement that was entered into before 1975, but reversed the District Court's award of attorney's fees and costs. Maison Grande, 600 So.2d at 464.